## TEXAS EMPLOYERS' INS. ASS'N v. TANNER.

### No. 5933.

Court of Civil Appeals of Texas. Amarillo.

Jan. 17, 1949.

Rehearing Denied Feb. 21, 1949.

Underwood, Wilson, Sutton, Heare & Boyce, of Amarillo, for appellant.

Scarborough, Yates, Scarborough & Black, of Abilene, and J. B. Cotten, of Seagraves, for appellee.

STOKES, Justice.

Appellee, L. H. Tanner, instituted this suit against the appellant, Texas Employers' Insurance Association, to recover compensation under the Workman's Compensation Law, Article 8306 et seq. of the Revised Civil Statutes of 1925, Vernon's Ann. Civ.St. art. 8306 et seq. He alleged he was employed by George P. Livermore, Inc., in the work of drilling an oil well in Lubbock County and that, while engaged in the line of his duties, he was crushed between some heavy tongs and oil well casing, as a result of which he sustained injuries which resulted in his total and permanent incapacity to perform labor. He alleged he received injuries to his legs, pelvis, illium, back, hips, and other external and internal injuries and broken and misplaced bones. Appellant carried the workman's compensation insurance for appellee's employer and appellee prayed for judgment setting aside the final decision of the Industrial Accident Board and for 60% of his average weekly wage for a period of 401 weeks.

Appellant answered by the general issue and specially alleged that any incapacity which appellee might have sustained is partial only and not total as alleged by him. It further alleged that appellee had sustained a prior compensable injury on or about the 22nd of October, 1945, while in the employ of Carl B. King Drilling Company and that such prior injury contributes to any incapacity he might have and for which he sought compensation.

The evidence revealed that, while appellee's present claim was pending before the Industrial Accident Board, he requested that appellant provide for him an operation for hernia which he alleged he had suffered as a result of the accident and that appellant had provided the operation. It was further shown that the operation had been performed and that it was successful, that is, it resulted in a complete restoration of appellee's condition in so far as the hernia is concerned. At the close of the testimony appellant moved the court to withdraw from the jury appellee's claim in so far as the hernia was concerned and restrict his right to recover for the hernia to 26 weeks as provided by the compensation law and that the special issues submitted to the jury be confined to appellee's claim that he had received other and additional injury from which there arose an incapacity separate and distinct from the hernia. The motion was overruled and the appellant duly excepted.

The case was submitted to a jury upon special issues, in answer to which it found that appellee received an accidental personal injury on August 26, 1947, by being caught between the tongs and the pipe; that the injury and incapacity sustained by him were due to injuries other than the hernia; that the injury was the producing cause of his incapacity; that he sustained total incapacity which was temporary and its duration would be 401 weeks. It further found that appellee had not worked substantially the whole of the preceding year but other employees of the same class had worked in the same or neighboring places substantially the whole of the preceding year and that their average weekly wages were $70. It further found that appellee's incapacity was not due to his injury of October 22, 1945.

Based upon the verdict of the jury the court entered judgment in favor of appellee for weekly compensation at the rate of $20 per week for 401 weeks. Appellant

filed and urged a motion for a new trial which was overruled and it duly excepted, gave notice of appeal and has prosecuted its appeal to this Court.

The testimony showed that appellee had received an injury on October 22, 1945, while in the employ of Carl B. King Drilling Company; that he had instituted proper proceedings before the Industrial Accident Board and in the courts for compensation therefor under the workman's compensation act of this state; and that before the case came to trial, he and the insurance carrier for his employer had reached a settlement, as a result of which he was paid by the insurance carrier the sum of $1,750.

■ In the instant case the court submitted to the jury special issue number 13 which was as follows:

"Do you find from a preponderance of the evidence that the plaintiff's incapacity, if any, is not due to his injury of 22 October, 1945? Answer, 'It is due' or 'It is not due.' The jury answered, 'It is not due.' ".

Appellant objected to the submission of the special issue upon the ground that it failed adequately to submit the defensive issue raised by appellant under Sec. 12c of Article 8306, R.C.S., which defensive issue raised the question of whether or not both injuries had contributed to any incapacity of the appellee. The court overruled the objection and appellant contends the action of the court in doing so was reversible error because appellant had alleged that the prior injury contributed to any incapacity, if any, suffered by appellee and a finding by the jury to the effect that appellee's incapacity was "not due" to the injury of October 22, 1945, was not sufficient to embrace the defensive allegations that it had "contributed" thereto. The question of whether or not the former injury contributed to appellee's incapacity was a defensive issue. It was pleaded by appellant and it would have been entitled to have the question submitted to the jury if it had prepared and presented to the court a special issue, in substantially correct wording, as provided by Rule 279, Texas Rules of Civil Procedure. Appellant did not take that course, however, and, in our opinion, it is in no position to urge the courts failure to sub-

mit it as reversible error. Texas Indemnity Ins. Co. v. Arant, Tex.Civ.App., 171 S.W.2d 915; Federal Underwriters Exchange v. Tubbe, Tex.Civ.App., 193 S.W.2d 563; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W.2d 1088; Federal Underwriters Exchange v. Price, Tex.Civ.App., 145 S.W.2d 951, 957, and authorities there cited.

Section 12c of Article 8306 provides:

"If an employee who has suffered a previous injury shall suffer a subsequent injury which results in a condition of incapacity to which both injuries, or their effects have contributed, the association shall be liable because of such injury only for the compensation to which the subsequent injury would have entitled the injured employee had there been no previous injury".

In the case of Federal Underwriters Exchange v. Price, supra, the court said:

"We think that Art. 8306, § 12c, is not shown to be applicable to the fact situation here disclosed. However, if said statute is applicable, then the duty to obtain submission of such issues was on defendant (citing many authorities). It is evident the defendant has not placed itself in position to complain because of its failure to prepare the issues contemplated in Art. 8306, § 12c, and request their submission."

Appellant objected to the charge of the court because of its failure to submit an issue presenting its defense under Section 12c. The objection was overruled by the court and it contends that it was not required to prepare and present to the court a special issue, but that its objection to the charge on that ground was sufficient under Rule 274, T.R.C.P. In support of this contention it cites us to the case of Texas Indemnity Ins. Co. v. Perdue, Tex.Civ.App., 64 S.W.2d 386, in which this court held that the facts recited, together with other circumstances in the case, were sufficient to require the court to submit the issues requested by the appellant. It is not revealed by the opinion whether special issues were prepared and presented to the trial court in that case by the appellant and the opinion is susceptible of the construction placed upon it by appellant here. We have examined the original record in that case, however,

and finding from it that special issues covering the allegations involved were prepared and submitted to the court by counsel and the court refused to submit them to the jury. That case is, therefore not authority for appellant's contention.

The next contention presented by appellant is that the court erred in refusing to take as confessed certain requests for admissions which it prepared and presented to appellee's counsel under Rule 169, Texas Rules of Civil Procedure. The request for admissions was duly presented to appellee's counsel several months before the case was tried and it allowed ten full days in which replies thereto could be returned. No reply was made to the request until about twenty days after it was presented to appellee's counsel and, even then, it was not sworn to as provided by the rule. At the commencement of the trial appellant moved the court to take as confessed six of the requested admissions, which motion was overruled by the court. The rule plainly provides that, when requests for admissions are made in the manner in which appellant made them in this case, and they are not properly sworn to and returned within the time specified by appellant in the request, each of the matters of which an admission is requested. shall be taken as confessed. The court erred, therefore, in refusing so to treat them. In our opinion, however, the error was harmless and does not warrant a reversal of the case. The requested admissions were that the report of Dr. Cooper concerning the appellee's former injury was received by the Industrial Accident Board on March 11, 1946; that it was subsequent to the filing of Dr. Cooper's report that the Industrial Accident Board made its award; that certain allegations in appellee's petition in the former suit were made with appellee's authority and approval; and that appellee returned to work in September, 1946, following his former injury October 22, 1945. The date upon which Dr. Cooper's report of the former injury was filed with the Industrial Accident Board was stamped upon the face of the report which was in evidence in this case. It showed to have been received on March 11, 1946. There was no question raised in the trial as to the date upon which the Industrial

Accident Board rendered its final decision and the information called for by these requested admissions was therefore readily available to appellant from other sources. There was no contention made in the instant case by appellee that his pleadings in the former suit contained any allegations of which he was ignorant nor that his attorneys were not authorized to include them in the pleading. He was bound by the pleading whether he knew of its specific allegations or not. The pleading was introduced in evidence in the instant case and, in his cross examination of appellee, appellant brought out clearly that appellee returned to work in September, 1946. Appellant does not point out any injury that resulted to it by the action of the court in refusing to permit the requests for admissions to be taken as confessed and we can conceive of none. While, as we have said, the court erred in denying appellant's request, since no injury resulted, the error was harmless and appellant's assignment will, therefore, be overruled.

In this connection appellant complains because the court permitted appellee to testify that he did not see his pleadings. in the former suit, contending that the testimony was in contradiction of one of the requested admissions. Appellee was not requested to admit that he had seen his pleadings in the former case, but that the allegations in his former pleadings were made with his authority and approval. There was therefore no conflict between the testimony and the requested admission.

Appellant next complains of the action of the court in permitting the jury to take into account the hernia suffered in the accident as a source of his general incapacity because the record shows he had asked for and had received at the hands of appellant an operation for the hernia and the operation was a successful one. It contends that, since it had provided the operation at appellee's request, his compensation was. confined to the hernia and limited by the statute to 26 weeks. We are not in accord with appellant in this contention. It is. settled law in this state that, where the pleadings and the evidence justify the submission of the issue of a general injury and.

total incapacity, the jury is allowed to determine that such injury and incapacity resulted from the injury, of whatever nature it might be. Hernia is, in some cases, treated as a specific injury, although it is not specified as such in Sec. 12 of Article 8306. When an employee has received an injury to a specific member of the body, he is not confined to a recovery of the compensation specifically provided for such injury if he is able to allege and prove other injuries. Under such allegations and proof he is entitled to have his injury compensated under the more liberal provisions of the Workman's Compensation Law and we think the same rule is applicable where he receives and injury which results in hernia, although he might have received the benefits of an operation for the hernia and the operation was a successful one. Consolidated Underwriters v. Langley, 141 Tex. 78, 170 S.W.2d 463; Consolidated Underwriters v. Lowrie, Tex.Civ.App., 128 S.W.2d 421; Petroleum Casualty Co. v. Seale, Tex.Com.App., 13 S.W.2d 364; Texas Employers Ins. Ass'n v. McNorton, Tex.Civ.App., 92 S.W.2d 562.

In the case of Consolidated Underwriters v. Lowrie, supra, the employee was injured while being transported from one place to another on a truck load of logs. The truck passed under a large limb extending over the road and the right side of his head struck the limb with such violence that he was knocked unconscious and received an injury to his right eye which resulted in the loss of its vision. This was a specific injury as listed in Sec. 12 of Article 8306. He also received injuries to his head, face, sinuses, a concussion of the brain, and to the nerves in the right side of his face. He sued for compensation as for total incapacity which was submitted to the jury and appellant objected to the issue upon the ground that it permitted the jury to take into consideration the loss of the vision of his right eye which, being a specific injury, could not form the basis of a judgment for total incapacity. Appellant contended that the specific injury to the eye could not be considered by the jury in arriving at a conclusion as to total incapacity under his pleadings which, as here, did not seek recovery for the specific injury. In disposing of the contention adversely to the insurer, the court said [128 S.W.2d 423]:

"That contention is denied. The injury to the eye was only one element of the total incapacity. Appellee had the right to send to the jury all the injuries suffered by him as the basis of their answer to that question."

■ Appellee did not ask for compensation as for the hernia. He alleged that he sustained a hernia in his left groin but he also alleged a number of other injuries to his body and that, as a result of his injuries, he was rendered incapable of performing the duties of a workman. Upon appellant's objection to special issue number 1 contained in the original charge which simply required a finding as to whether or not appellee received an accidental personal injury by being caught between the tongs and the pipe, and did not eliminate the consideration by the jury of the hernia in connection with his general injuries, the court inserted in the charge special issue 1—A. By that special issue the jury was requested to find whether the incapacity, if any, of the appellee was due to injuries, if any, other than the hernia received by him in the accident of August 26, 1947, and the issue was answered in the affirmative. In answer to succeeding special issues the jury found that the accidental injury was the producing cause of the incapacity of the appellee; that the incapacity was temporary and that its duration would be 401 weeks. From this it will be seen that, by the charge and special issues, the court simply submitted all of the injuries alleged by appellee and shown by the testimony without regard to whether they were specific or general injuries. In answering them, the jury found that, from all of the injuries received by appellee in the accident, he had become totally incapacitated and that his incapacity would endure for a period of 401 weeks. No question of a double recovery is involved. According to the evidence and the findings of the jury, appellee received a number of injuries and, in our opinion, the verdict and judgment were rendered in accordance with the rules governing such cases and in keeping with the holdings of the courts in the cases last above cited.

The mere fact that a hernia was one of the injuries received by him did not require a splitting-up of the issues into two series, one pertaining to the hernia and the other to injuries to other parts of his body.

Appellant assigns error in the failure of the court to inquire of the jury as to the four prerequisites of actionable hernia, that is, (1) that there was an injury resulting in hernia, (2) that it appeared suddenly and immediately following the injury, (3) that it did not exist in any degree prior to the injury for which compensation is claimed and, (4) that the injury was accompanied by pain. Since there was no question in the trial of the case as to whether or not appellee sustained a hernia, it was not necessary to procure a finding by the jury that the four prerequisites to an actionable hernia existed. They pertain only to claims for hernia resulting from injury and, where the issue is controverted, it is necessary for appellee to establish the prerequisite in order to recover compensation for hernia.

■ The next contention urged by appellant is that the court erred in overruling its request for submission to the jury of an issue requiring a finding as to whether or not Dr. Snow, a physician who testified as to appellee's injuries and who had examined him, based his testimony in any degree upon subjective symptoms, that is, upon what was told him by the appellee. Dr. Snow did not examine appellee for the purpose of treating him. He took from the appellee a history of the manner in which the accident occurred and appellee told him some of his symptoms and feelings. Dr. Snow testified, however that, in making his diagnosis, he did not take into consideration any part of the history but that his diagnosis was based upon objective symptoms. This matter involved the qualifications of the witness to testify and was a matter for the court, and not the jury, to pass upon.

■ The remaining contention urged by appellant is that the court erred in the man-ner of submitting the question of appellee's average weekly wage. Appellee had worked for George P. Livermore only a short time before his injury. The court therefore submitted the question of average weekly wage under Subdivision 2, Section 1 of Article 8309 pertaining to the wage or salary of another employee of the same class who had worked substantially the whole of the preceding year, and the jury found the average weekly wage of such other employee to be $70. Appellant objected to the special issue pertaining to the weekly wage of such other employee upon the ground that the testimony did not warrant the conclusion that there was any such employee except the witness McDonald and the inquiry should have been limited to his working days. The evidence showed that appellee and McDonald performed the same character of work and that McDonald worked 325 or 330 days in the preceding year in the same general area west of Lubbock. McDonald testified, without contradiction, that he received an average of $150 every fourteen days. He further stated that in the Lubbock area the wage scale of "roughnecks," the class of laborers to which he and appellee belonged, was $1.30 an hour for forty hours and time and a half for overtime, which usually amounted to sixteen hours per week. A calculation of either of these scales will show that 60% of the lowest of them amounts to considerably more than $20 per week, the limit granted appellee by the judgment. It is obvious therefore that appellant suffered no injury by the deviation in the calculation. Casualty Reciprocal Exchange v. Stephens, Tex. Com.App., 45 S.W.2d 143; Casualty Reciprocal Exchange v. Cain, Tex.Civ.App., 63 S.W.2d 237.

We have carefully examined all of the assignments of error and contentions presented by appellant and, in our opinion, none of them reveals reversible error. The judgment of the court below will therefore be affirmed.