**TRAVELERS INSURANCE COMPANY, Relator,**

v.

**Terrell HENLEY, Respondent.**

**No. 6317.**

Court of Civil Appeals of Texas.

Beaumont.

Oct. 8, 1959.

Strong, Moore, Pipkin, Strong & Nelson, Beaumont, for relator.

Alvin Wiggins, Mike Daughtry, Beaumont, for respondent.

HIGHTOWER, Justice.

This is an application for a writ of mandamus to compel the Honorable Harold R. Clayton, Judge of the 136th Judicial District Court of Jefferson County, Texas, to set aside his order of mistrial in Cause No. A–73,559 in said court and to enter judgment in defendant's favor in accordance with the special issue verdict of the jury therein. Judge Clayton determined that certain of the jury's answers to special issues were in irreconcilable conflict, hence the order of mistrial. The action was by Terrell Henley, respondent here, to recover benefits under The Workmen's Compensa-

tion Law, Vernon's Ann.Civ.St. art. 8306 et seq., for injuries allegedly sustained by him on June 6, 1958 while in the employment of the M. W. Kellogg Company, for. which company relator here, The Travelers Insurance Company, was the insurer.

By his second amended original petition, Henley alleged the specific injury to himself of a hernia and a general injury in this manner: "that on or about the 6th day of June, 1958, plaintiff * * * was pulling a pipe wrench, screwing some two inch pipes, and the wrench slipped throwing the plaintiff against a boiler, causing the muscles, ligaments, tendons, nerves, blood vessels and discs situated in the lumbar region of his spine to be strained, twisted and torn. That he received a rupture of the internal organs, causing a hernia, that after said injury he was rendered totally disabled, and such total disability is permanent * * *." The Travelers Insurance Company, among other allegations, plead that any injury sustained by the plaintiff along or about June 6, 1958, was limited to a right inguinal hernia.

In answer to Special Issue No. 1 the jury found that Henley "sustained a personal injury on or about June 6, 1958." Findings in regard to notice, accidental injury and course of employment were likewise favorable to Henley, but the judge declared the mistrial because he was of the opinion that the answers to the following two issues were in irreconcilable conflict:

"Special Issue No. 4–A

"Do you find from a preponderance of the evidence that the plaintiff received an injury to his back on June 6, 1958?

"Answer 'Yes' or 'No'

"Answer 'No'

"Special Issue No. 4–B

"Do you find from a preponderance of the evidence that the said accident of June 6, 1958, if any, was the producing cause of the injury, if any, to plaintiff's back?

"Answer 'Yes' or 'No'

"Answer 'Yes' "

Clearly, no conflict exists between these issues. Issue 4–A was the controlling issue in connection with the general injury alleged as above noted. The jury's answer thereto was emphatically contrary to plaintiff's contentions. True, by a previous issue (No. 1) the jury had found the plaintiff to have been injured accidentally in the course of his employment on June 6, 1958, but it appears equally true, as being conceded in the briefs before us, the plaintiff had indeed received an accidental injury on said date, a right inguinal hernia, for which injury he had been offered and had accepted an operation. Hence the significance of the answer to Issue No. 1. Special Issue 4–B was not a controlling issue on the question of injury vel non to the plaintiff, but simply inquired as to the causal connection between the accident and an injury to plaintiff's back if such an injury had indeed been sustained. In effect, the only possible construction of the jury's answer to Issue 4–B is this: In the foregoing Special Issue 4–A we, the jury, have declared that we have found from a preponderance of the evidence that the plaintiff received no injury to his back as a result of the accident, but if we have been mistaken, which we do not declare, and the plaintiff's back was in fact injured, then we would say that the accident of June 6 caused such injury. In other words, Special Issue 4–B was a hypothetical question conditioned upon an affirmative answer to Issue 4–A. Issue 4–A having been answered in the negative, it would not have been improper had the jury not answered Issue 4–B but having done so, the answer thereto must be disregarded as immaterial. Millers Indemnity Underwriters v. Schrieber, Tex.Civ.App., 240 S.W. 963; Milner v. Whatley, Tex.Civ.App., 282 S.W.2d 903.

Should the lower court's order of mistrial be otherwise correct we should be

constrained to uphold it. In such connection the respondent, in substance, has correctly called our attention to the rule that it is the duty of the trial court to reconcile apparent conflicts of the jury's findings if this can reasonably be done in the light of the pleadings and the evidence, the manner in which the issues were submitted, and in view of the other findings when considered as a whole. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558; Rasbury v. Hale, Tex. Civ.App., 131 S.W.2d 334. That if by thus evaluating the findings, they cannot be reconciled a mistrial should be declared. It is then argued that "the evidence showed that the point of injury, trauma or blow suffered by the plaintiff to his right shoulder and side caused and produced the injury to his spine—that is, the shock of the blow or trauma to his right shoulder and side was of such severity that it caused and produced a herniation of a lumbar disc." By reason of such evidence it is contended, in substance, that the jury intended to find and did find by their affirmative answer to Issue 4–B that the accident caused an injury to the plaintiff's back whether such injury was immediate to the back on June 6, or not; that the answers to all the issues, considered as a whole, fully support such conclusion. Assuming the evidence to be as declared, we do not consider this position tenable. In the first place, it accords no recognition to the completely hypothetical nature of Issue 4–B. Secondly, it fails to recognize that the court's charge defined the term "injury" or "personal injury" as "damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom", and that with such definition in mind the jury nevertheless answered that the plaintiff did not receive an injury to his back on June 6, 1958.

The substance of other special issues and answers as numbered in the court's charge were: (No. 5) Was predicated upon an affirmative answer to Issue 4–A and went properly unanswered. It inquired whether the injury to plaintiff's back resulted in any incapacity and disability to work and earn money; (No. 6) was properly unanswered as it was predicated upon an answer to Issue No. 5. It inquired whether the injury to plaintiff's back resulted in any total incapacity to work and earn money. (No. 7) "From a preponderance of the evidence, when do you find that the total incapacity, *if any,* resulting from the personal injury to plaintiff's back on or about June 6, 1958, *if you have so found,* began?, answer by stating the date, if any." The jury answered: "June 9, 1958". (No. 8) The plaintiff's total incapacity, *if any,* would continue the remainder of his life; (No. 9) "From a preponderance of the evidence, do you find that the personal injury to plaintiff's back on or about June 6, 1958, *if you have so found,* was the producing cause of such total incapacity, *if any,* to work and earn money as you may have found, if you have so found? In the event your answer to the foregoing issue is in the affirmative, *the form of the answer should be:* 'It was the producing cause' otherwise the answer should be 'No'." The jury answered "it was the producing cause". (No. 10) " * * do you find that the injury to plaintiff's back on June 6, 1958, *if you have so found,* has resulted or will result in any partial incapacity to work and earn money?" They answered "No". (No. 11) Being predicated upon an affirmative answer to Issue No. 10, was unanswered as was Issue Nos. 12, 14, and 15. The charge contained no Special Issue numbered 13. (Nos. 16 and 17) were findings that injustice and hardship would result to the plaintiff if a lump sum were denied him in the event he was awarded compensation. (No. 22) Plaintiff's disability, *if any,* was not solely the result of a right inguinal hernia. All italics ours.

■ Viewing the whole picture of the trial as presented by the transcript and the respondent's brief only, we are of the opinion that a mistrial was not warranted in the circumstances. It appears that all of the special issues submitted to the jury following the submission of Special Issue 4–A were in one way or the other conditioned or dependent upon an affirmative answer to

Issue 4–A, the negative answer to which rendered all subsequent findings either improper, immaterial or devoid of logical or legal significance. See cases cited hereinabove and Collins v. Brown, Tex.Civ.App., 279 S.W.2d 627 and authorities therein cited.

Having concluded that the order of mistrial was improper, the application for the writ of mandamus is granted. The writ shall not issue, however, should Judge Clayton enter judgment on the verdict of the jury in accordance with this opinion.