**UNITED BENEFIT FIRE INSURANCE COMPANY, Appellant,**

v.

**Paul STOCK, Appellee.**

No. 13638.

Court of Civil Appeals of Texas.

Houston.

March 23, 1961.

Rehearing Denied April 13, 1961.

Bryan & Patton, Chilton Bryan, E. H. Patton, Jr., Julietta Jarvis, Houston, for appellant.

Cire & Jamail, James J. Hippard, Houston, for appellee.

COLEMAN, Justice.

This is a workman's compensation case wherein the plaintiff, Paul Stock, recovered a judgment in a trial before a jury for permanent total disability. Plaintiff fell from the tailgate of a truck, pulling a 55 gallon drum partially filled with gasoline down on him. He sustained a broken leg and injuries to his back. The leg failed to heal properly, necessitating two operations, the last of which occurred a few days before the trial.

Plaintiff sought recovery on the theory that he has suffered total and permanent disability by reason of the cumulative effect of the incapacity resulting from the injury to his leg, a specific injury, operating concurrently with the injury to his back, a general injury.

The court included in his charge the following Special Issues:

"Special Issue No. 1
"Do you find from a preponderance of the evidence that the plaintiff, Paul Stock, received an accidental injury to his body on or about October 7, 1957?

"Special Issue No. 3
"Do you find from a preponderance of the evidence that such injury, if any, was a producing cause of any incapacity on the part of Paul Stock?

"Special Issue No. 4
"Do you find from a preponderance of the evidence that such incapacity, if any you have found, was total?

"Special Issue No. 6
"Do you find from a preponderance of the evidence that such total incapacity, if any, is permanent or is or was temporary?"

■ The defendant requested in proper form special issues inquiring as to whether or not plaintiff's incapacity (present and future) was not confined solely to the right leg and whether or not it was not caused solely by the injury to his right leg. It also requested the court to instruct the jury that neither total nor partial incapacity could exist if the injury and its effects were confined to the leg. Plaintiff objected to the submission of these issues for the reason that defendant was not entitled to an affirmative submission of defensive issues which had not been raised by a special pleading in defendant's answer. Under Rule 279, Texas Rules of Civil Procedure, the refusal of the court to submit these issues was not error, Texas Employers' Ins. Ass'n v. Tanner, Tex.Civ.App., 218 S.W.2d 277, error ref., n. r. e., unless, as contended by defendant, plaintiff had the burden of proving that the injuries and their effects are not confined to the specific member.

■ Before the testimony was concluded and while the court was considering his charge, defendant requested permission to file a trial amendment setting up its contention that plaintiff's injury and resulting disability were confined solely and only to his right leg. This request was refused and we cannot say that this refusal constituted an abuse of discretion on the part of the Trial Court. The medical witnesses, two of whom were presented by the defendant, had completed their testimony at the time the request was presented. The trial judge might very well have concluded that defendant knew of the facts raising the confinement defense prior to the trial and that it would be necessary to permit plaintiff to recall medical witnesses in the event such request was granted, thereby necessitating an unreasonable delay and prejudicing plaintiff in maintaining his action. Rule 66, T.R.C.P.; General Mills, Inc. v. Livingston, Tex.Civ.App., 333 S.W.2d 215; Lone

Star Steel Company v. Owens, Tex.Civ. App., 302 S.W.2d 213, ref., n. r. e.

■ Defendant contends that "without the finding that plaintiff's incapacity was not limited to his leg and without the finding that plaintiff's incapacity was not caused by the injury to the leg, plaintiff is not entitled to recover for a general injury," and relies strongly on Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 654. There plaintiff alleged an injury to her left foot and neck, and that by reason of such injuries she sustained total and permanent disability. The jury found that she received an accidental personal injury "(a) to her foot" and "(b) to her neck"; that the *accidental injury* was the producing cause of her incapacity. The court held that plaintiff alleged two theories of recovery, one on a specific injury and one on a general injury, and that it was her burden to prove and secure jury findings "supporting each of the theories advanced *before she would be in position to choose between the two* (emphasis added) and move the court to render and enter judgment upon the findings establishing the general injury." The court further held that the answers to the issues submitted were insufficient to establish that the injuries to the neck authorized a judgment for plaintiff since it could not be ascertained which injury was the producing cause of the incapacity, and that "Having failed to submit the issues in the manner outlined herein, the trial court should have responded to defendant's request and submitted requested Issue No. 6." Requested Issue No. 6, "Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff, Molinda Scott, was not caused solely by the incapacity, if any, to her left foot," was raised by the evidence and by affirmative pleading of defendant.

We believe the Scott case distinguishable on the differences in the pleadings and charge from such cases as Texas Employers' Ins. Ass'n v. Tanner, supra, where Tanner alleged a general injury (including injury to his legs) and a hernia, for which the Association provided an operation, which was successful. The jury found that Tanner received an accidental injury, which was the producing cause of total incapacity and its duration would be 401 weeks. The Association complained of the action of the court in permitting the jury to take into account the hernia suffered in the accident as a source of his general incapacity because of the successful operation. The court rejected this complaint, saying:

"It is settled law in this state that, where the pleadings and the evidence justify the submission of the issue of a general injury and total incapacity, the jury is allowed to determine that such injury and incapacity resulted from the injury, of whatever nature it might be. * * * When an employee has received an injury to a specific member of the body, he is not confined to a recovery of the compensation specifically provided for such injury if he is able to allege and prove other injuries." [218 S.W.2d 280]

In Consolidated Underwriters v. Lowrie, Tex.Civ.App., 128 S.W.2d 421, 423, error ref., plaintiff was riding in a truck when a large limb extending over the road struck him on the head, rendering him unconscious and causing him to lose the vision in his right eye. The court submitted the cause on the theory of a general injury and the defendant objected on the ground that it permitted the jury to take into consideration the loss of vision of the right eye which, being a specific injury, could not form the basis of a judgment for total incapacity. The court disposed of this objection in these words: "That contention is denied. The injury to the eye was only one element of the total incapacity. Appellee had the right to send to the jury all the injuries suffered by him as the basis of their answer to that question."

While the evidence raised the inferential-rebuttal issues contended for by defendant,

there were no pleadings on which such issues could be based. The issues were not tried by consent since the evidence was not subject to objection and plaintiff objected to the submission of the issues. Jenkins v. Hennigan, Tex.Civ.App., 298 S.W. 2d 905, ref., n. r. e. Defendant's Points of Error One–Six, inclusive, do not present error.

◼ The defendant urges as error the failure of the court to include in his charge the following requested Special Instruction:

"You are instructed that neither total incapacity nor partial incapacity as such terms are used herein can exist where an injury and its effects are confined solely to the leg or where such injury produces only a loss of use of a leg."

While as an abstract question of law, the instruction was correct, and so charging the jury would not have been reversible error, as against an objection that it informed the jury of the effect of their answer as held in Texas Employers Ins. Ass'n v. Goines, Tex.Civ.App., 202 S.W.2d 487, ref., n. r. e., it does not follow that the refusal to so instruct the jury constituted error. Traders & General Ins. Co. v. Rischer, Tex.Civ.App., 210 S.W.2d 652, ref., n. r. e.

In Johnson v. Zurich General Accident & Liability Ins. Co., Ltd., 146 Tex. 232, 205 S.W.2d 353, the Supreme Court held that prior to the adoption of Rule 277, T.R.C.P., it was settled that, in a case submitted to the jury on special issues, it was error for the trial court to give in the charge to the jury general instructions on the law, and that the rule placed no additional requirement upon the trial judge in preparing his charge, but its effect is to prevent a reversal on the sole ground that an explanatory instruction or definition amounts to a general charge. The rule requires that such explanatory instruction or definition be *necessary* to enable the jury to properly

pass on such issues. In Owens v. Navarro County Levee Improvement Dist. No. 8 et al., Tex.Com.App., 115 Tex. 263, 280 S.W. 532, 536, opinion adopted, the court in discussing a special charge given by the trial court said:

"It is a general charge on the law arising on the facts, and for this reason should not have been given in a case submitted on special issues. It directs the jury to apply the law to the facts in making answer to special issues, whereas it was the duty of the court to ascertain from the jury the facts established by the evidence, and then apply the law to the established facts."

The terms "total incapacity" and "partial incapacity" were defined in the court's charge. No objection was made to the definition of "partial incapacity," but specific objections were made to the definition of "total incapacity" and the explanatory special instruction alone would not be a proper definition of the terms. If the court had granted defendant's request for the special instruction, he would have had to submit the further definition actually submitted over the objection of defendant. We do not think defendant can put the Trial Court in the position of granting a partial definition of legal terms. He must submit a substantially correct definition embodying the changes or additions he desires. Here defendant was objecting to the definitions as being improper on grounds including, but not confined to, the failure to give or include the requested instruction. The defendant was contending that even if he gave the requested instruction, the definition would not be correct. This question was discussed at length by the Supreme Court of Texas in Stanaland et al. v. Traders & General Ins. Co., 145 Tex. 105, 195 S.W.2d 118, 121, in which the application for writ of error was originally "Refused, Want of Merit," but on rehearing "the application was granted on the point alleging that the company failed 'to render in writing a substantially cor-

rect instruction as required by Rule 279.'" However, the Court found that the case should be reversed on other grounds and declined to pass on this point. McDonald, Texas Civil Practice, Vol. 3, § 12.27, pp. 1137–1138, discusses the question in these words:

"Close questions of interpretation may arise here and should be met by the courts with reasonable liberality. Suppose, for example, that a definition inserted in the proposed charge is substantially correct, but that it should be adapted to the peculiar facts of the case by an explanatory instruction. Technically, of course, the definition and the explanatory instruction are different, and the deficiency may be described as an omission of an explanatory instruction. So described, it can be reached only by a tender of a requested instruction in substantially correct form. But it is immediately obvious that the difference between expanding a definition and supplementing it by a separate explanatory instruction can in many cases be a mere variation of shades of wording, and hence that the careful attorney may be required, in order to be entirely safe, to interpose both an objection and a tender of a requested instruction."

Here plaintiff's pleadings, proof, and the Trial Court's charge all were based on the theory that plaintiff had suffered a general injury to the back which together with the concurrent injury to his leg produced incapacity. Plaintiff could have included in his pleading an alternative plea for compensation for loss of use of the leg and, had the defenses of confinement, and sole cause of disability, been affirmatively pled by defendant, he may well have determined to set up such alternative plea. Had the Trial Court granted the special instruction, the jury's attention would have been directed to a defensive matter not contained in the pleadings and might have found no disability, which would have resulted in no compensation for the loss of use of the leg. It has been held that "In the absence of any pleading raising the issue, it was clearly an error to give any instruction thereon," Gonzales v. Orsak, Tex.Civ.App., 205 S.W.2d 793, 796, and "the theory that claimant's disability was due solely to arthritis was defensive matter, not pled by appellant, therefore waived and no instruction thereon was proper; * * *". Traders & General Ins. Co. v. Rischer, Tex.Civ.App., 210 S.W.2d 652, 654. No error is presented by Point of Error Number Seven.

By Points of Error Eight and Nine, defendant asserts that the Trial Court erred in admitting evidence that the maximum weekly compensation rate is $35 and in permitting plaintiff to argue to the jury that if plaintiff recovered for permanent disability he would get compensation for 401 weeks at the rate of $35 per week. These Points do not present reversible error. Plaintiff was seeking payment of the compensation benefits to which he might be found entitled in a lump sum. In order to answer the question submitted on manifest hardship, the jury necessarily had to know the amount of the weekly payments as well as the total amount plaintiff would receive in a lump sum. If these matters were properly in evidence, they constituted proper matters for comment in argument. Indeed, it is difficult to see how manifest hardship could be argued if the jury could not be told the amount of weekly compensation and the amount if paid in a lump sum. Defendant secured no ruling on his objection to the evidence and made no request that the jury be instructed to disregard the question and answer. Under such circumstances it is settled that no error requiring reversal is presented. Martin et al. v. Texas & Pacific Railway Company, Tex.Civ.App., 317 S.W.2d 577. Defendant objected to plaintiff's argument for the reason that it was irrelevant and immaterial, inflammatory and prejudicial. There was no objection that the argument was concerning matters outside the record or that the argument informed the jury of the effect of their answers and we cannot

presume that the court would not have sustained such objections and would not have instructed the jury to disregard such argument. The error, if any, was of such a nature that it could have been cured by instruction. El Paso City Lines, Inc. v. Prieto, Tex.Civ.App., 191 S.W.2d 59; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054; Texas Employers' Insurance Association v. Logsdon, Tex.Civ.App., 278 S.W.2d 893, ref., n. r. e.

■ Defendant also complains that the court erred in refusing to admit into evidence the notice of injury and claim for compensation filed with the Industrial Accident Board and certain proceedings had in connection with this matter in the Federal Court. Plaintiff's claim before the Board in essence was, "I broke my right leg and injured my back. I claim in excess of $1000.00." In Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W. 2d 651, 655, the Supreme Court held that " * * * statements contained in notice of injury and claim for compensation blanks, as well as information omitted therefrom, are admissible in evidence against a claimant when they meet the requirements of the law governing admissions." Texas Law of Evidence, McCormick and Ray, Vol. 2, § 1141, p. 29, states in part, "In general it may be said that any statement made by a party or on his behalf which is inconsistent with his present position is receivable as an admission." The statement in question is not inconsistent with his present position. The notice, however, does not expressly state that plaintiff was contending that his injury was total and permanent. The Supreme Court, in Texas General Indemnity Co. v. Scott, supra, approved this quotation from Texas Law of Evidence, McCormick and Ray, Vol. 1, § 387: " 'If one has remained silent, where if the situation had been as he alleges, it would have been natural and usual for him to speak, this circumstance may be proved against him as an admission.' " Plaintiff was entitled to prove total and permanent disability under the allegations in his notice. We do not feel that this rule is applicable to the facts of this case. In any event, we are not of the opinion that the error, if any, amounted to such a denial of the rights of defendant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P.

■ What we have said above also disposes of defendant's Point complaining of the refusal of the Court to admit excerpts from a brief filed by plaintiff's counsel in support of a motion to dismiss defendant's attempted appeal of the award of the Board in this case to the United States District Court. There plaintiff took the position that an appeal from an award, which did not exceed the minimum jurisdictional amount, would not properly lie in United States District Court, where he did not specifically claim total and permanent disability before the Industrial Accident Board, even though the nature of the injuries sustained would not preclude him from suing for total and permanent disability on appeal. The statements complained of were not inconsistent with his present position. If the Court erred in refusing to admit such statements, the error was harmless under Rule 434, supra.

■ Finally, defendant complains that the Court erred in excluding from the jury evidence that plaintiff had been convicted of a felony involving moral turpitude and sentenced to a three year term in the penitentiary in 1950. Whether or not under the facts of this case such conviction was too remote to be admissible was a question for the Trial Court in the exercise of its sound discretion. Adams v. State Board of Insurance et al., Tex.Civ.App., 319 S.W.2d 750, ref., n r. e.; Bunch v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 209 S.W.2d 657. We cannot say that in this case the Trial Court abused its discretion.

The judgment of the Trial Court is affirmed.