**TEXAS COMPENSATION INSURANCE COMPANY, Appellant,**

v.

**James Lee MATTHEWS, Appellee.**

**No. 16302.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 16, 1974.

James M. Shatto, Alex Guevara, Jr., Houston, for appellant.

Harold Lloyd, Lovell W. Aldrich, Houston, for appellee.

COLEMAN, Chief Justice.

This is a Workman's Compensation suit tried before a jury. On motion the court disregarded the answer made by the jury to one special issue and also interpreted the jury's answer to another issue which was not directly responsive to the question asked. Judgment was then entered for the plaintiff on the jury's verdict.

The appellant contends that the trial court improperly disregarded the jury's answer to Special Issue No. 31 and improperly computed the plaintiff's recovery in view of the jury's answer to Special Issue No. 9.

Neither party has contended in this court that the findings made by the jury are not properly supported by the evidence. The jury found that the injury sustained by James Matthews on January 31, 1969 was a producing cause of total incapacity which began on January 31, 1969 and is temporary; that the total incapacity ended on May 31, 1969; that the injury was the producing cause of partial incapacity which began on June 1, 1969 and that such partial incapacity is permanent. Special Issue No. 9 reads:

"Find from a preponderance of the evidence the reduction in plaintiff's average weekly earning capacity during such partial incapacity.

"Answer by stating in dollars and cents the difference between his average week-ly wage before the injury and his average weekly earning capacity during such partial incapacity."

to which the jury answered: "$93.00 a week before the injury and $75.00 a week after the injury."

In answer to Special Issue No. 14 the jury found that the injury sustained by James Matthews was or will be the producing cause of partial loss of the use of plaintiff's left leg; that the beginning date of such partial loss of use was June 1, 1969 and that such partial loss of use is permanent. In answer to Special Issue No. 18 the jury found that the degree of such partial loss of use of plaintiff's left leg was 50%. In answer to Special Issue No. 31 the jury failed to find that "such incapacity" after August 29, 1969 was not confined to his left leg.

The plaintiff, James Matthews, sustained an injury during the course of his employment by Southwestern Bell Telephone Company on January 31, 1969 as the result of a fall from a telephone pole. The jury has found that this injury was the producing cause of a period of total incapacity followed by a period of partial incapacity. The jury also found that the injury was the producing cause of a 50% partial loss of use of the plaintiff's left leg, which is permanent.

The jury found that the plaintiff sustained an accidental injury in the course of his employment and, as a result of the total effects of the concurrent injuries suffered, that he had sustained a loss of wage earning capacity compensable according to Section 11 of Article 8306, Vernon's Ann. Texas Civ.St. The jury also found that plaintiff had sustained a partial permanent loss of use of his left leg. This finding would have supported a judgment under the provisions of Section 12, the specific injury section of Article 8306, supra. The court entered judgment in favor of the plaintiff for the largest sum recoverable under the verdict of the jury. If the court properly disregarded the answer made to Special

Issue No. 31, the judgment based on the findings of general injury was proper. McCartney v. Aetna Casualty & Surety Co., 362 S.W.2d 838 (Tex.1962).

In the McCartney case, supra, the court said:

". . . if the insurer desires to limit the claimant's recovery to the compensation recoverable under the provisions of Section 12 or seeks to otherwise separate the effects of general and specific injuries, the burden rests with the insurer to either request appropriate special instructions to the jury, in connection with the general injury issue, or plead, prove and secure jury findings so limiting the claimant's recovery . . ."

In United Benefit Fire Insurance Company v. Stock, 344 S.W.2d 941 (Tex.Civ. App.—Houston, 1st, 1961, n. w. h.), the court specifically rejected the contention that in a case such as this the plaintiff had the burden of proving that the injuries and their effects are not confined to the specific member. While this case has no writ history it was cited with apparent approval in McCartney v. Aetna Casualty & Surety Co., supra.

By Special Issue No. 31 the jury was asked whether they found from a preponderance of the evidence that the plaintiff's incapacity was not confined to his left leg. The answer made by the jury, "It was confined to his left leg," is merely a failure to find from a preponderance of the evidence that the incapacity was not confined to his left leg. In effect the jury has answered Special Issue No. 31 "No," thereby finding that plaintiff failed in its burden of proving the fact. C & R Transport Co., Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966). The issue did not properly present the defensive theory plead by the defendant.

In C & R Transport Co., Inc., supra, the court states that a jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. The court then quotes, as being a correct statement of the law, from McDonald, Texas Civil Practice, Sections 17.30–17.32, as follows:

". . . if a finding upon the issue claimed to be immaterial could if made, or does as made, create a fatal conflict with other findings or otherwise affect the legal significance of the verdict and hence the judgment to be entered, the issue is material and must not be ignored."

The answer of the jury to Special Issue No. 31, as we have interpreted it, is immaterial in that it could not affect the judgment which the court was required to enter. The fact that the jury failed to find that the incapacity was not confined to the left leg does not conflict with its previous finding of total incapacity and partial incapacity. The defendant properly plead that the disability was confined to the left leg, but failed to sustain its burden of securing a jury finding that the incapacity was so confined. The trial court did not err in disregarding the jury's answer to Special Issue No. 31.

At the beginning of the trial counsel for the plaintiff dictated into the record the following stipulation:

"Comes now the Plaintiff, James Lee Matthews, and the Defendant, Texas Compensation Insurance Company, in the above numbered and entitled cause and makes the following stipulations:

"1. That the daily wage rate applicable to the Plaintiff, James Lee Matthews, on the date of injury, was in the amount of $18.60."

At a later time during the trial counsel further stated "We would though, in accordance with the agreement between counsel reached earlier, like to read into the record the stipulations between the parties of the lawsuit, that at the time of the injury to James Matthews on February 31, 1969, while working for the Southwestern Bell Telephone Company, his average daily wage was $18.60 a day."

There was also introduced into evidence an answer to an interrogatory establishing that a regular work week for the plaintiff immediately before the date of the injury was 40 hours. The evidence established that the plaintiff had been working for Southwestern Bell Telephone Company only three and one-half months at the time of the injury.

■■■ The jury failed to follow the instructions of the court in answering Special Issue No. 9. They were instructed to answer by stating in dollars and cents the difference between the average weekly wage before the injury and the average weekly earning capacity during such partial incapacity. We think it clear that the jury intended their answer to be $18.00 a week, that is, the difference between $93.00 a week which they found to be the average weekly wage before the injury, and $75.00 a week which they found to be the average earning capacity during such partial incapacity. It appears that the trial court disregarded that part of the jury's answer finding that the average weekly wage prior to the injury was $93.00 and instead applied the formula of Article 8309, Subd. (1), Sec. 1, Vernon's Annotated Civil Statutes, and multiplied the stipulated daily wage of $18.60 times 300 and then divided the result by 52, which amounts to $107.30. The court then subtracted from that result the $75.00 found by the jury to be the average earning capacity after the injury and reached a figure of $32.30. This figure was then used in applying the formula required by Article 8306, Sec. 11, which resulted in a judgment of $19.38 for 300 weeks.

By following this procedure the trial court fell into error. The stipulation of a daily wage rate "applicable" to the plaintiff on the date of injury must be taken to mean the average daily wage rate contemplated under paragraph (2) or (3) of Article 8309, Sec. 1. We consider that the stipulation was entered into in order to eliminate the necessity of making proof of average

weekly wages as required under Sections (1), (2) and (3) of Article 8309, Sec. 1.

The plaintiff is entitled to compensation for his partial incapacity under the provisions of 8306, Sec. 11, providing:

"While the incapacity for work resulting from the injury is partial, the association shall pay the injured employee a weekly compensation equal to sixty per cent (60%) of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity, . . ."

The objections to the court's charge, if any, were not brought forward in the record. There is no complaint that the answer made by the jury to Special Issue No. 9 is contrary to the evidence or is not supported by proper evidence. The parties did not object to the receipt of the verdict by the judge. There was no motion to disregard the jury's answer to Special Issue No. 9.

The answer made by the jury to Special Issue No. 9 is not so vague, uncertain, unresponsive and evasive that it cannot be determined definitely what the answer is. In view of the instruction given the jury by the court in connection with this issue, it is clear that the jury intended to answer $18.00.

■■ Where findings on special issues are ambiguous the court should examine the issue submitted in light of the pleadings and the evidence in order to arrive at their proper interpretation, and a verdict so construed constitutes a proper basis for a judgment. State v. Hale, 136 Tex. 29, 146 S.W. 2d 731 (1941). If after a verdict is so construed, it is found to be responsive to the issue, it must be considered in arriving at the judgment to be entered. C. W. Hahl & Co. v. Southland Immigration Asociation, 53 Tex.Civ.App. 592, 116 S.W. 831 (1909, writ ref.); St. Louis, S. F. & T. Ry. Co. v. Wall, 165 S.W. 527 (Tex.Civ.App. 1914, writ dism'd); Gulf, C. & S. F. Ry.

Co. v. Baker, 218 S.W. 7 (Tex.Civ.App. 1920, writ dism'd); see Robertson Transport Co. v. Hunt, 345 S.W.2d 293 (Tex. Civ.App.—San Antonio 1961, n. w. h.).

It is apparent that the jury was required to find the plaintiff's average weekly wage before the injury in order to answer Special Issue No. 9. They were given no instructions with regard to the manner of determining "weekly wage." The answer which they arrived at is supported by evidence, but is less than the amount stipulated. The jury was informed of the plaintiff's daily wage and of the fact that he worked a 40 hour week. The trial court erred in disregarding the jury's answer concerning the average weekly wage prior to the injury since this would have the effect of rendering the answer made by the jury to that issue completely unresponsive.

■ The trial court may not disregard the answer made by a jury to a special issue on his own motion. Trader's & General Ins. Co. v. Heath, 197 S.W.2d 130 (Tex.Civ. App.—Galveston, writ ref., n. r. e.). Since we consider that the jury answered Special Issue No. 9 $18.00, it was the duty of the trial court to render judgment based upon that figure. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965).

In Texas Employers' Ins. Ass'n v. Frankum, 145 Tex. 658, 201 S.W.2d 800 (1947), the court said:

. "As early as Thompson et al v. Tinnin, 25 Tex.Supp. 56, this court recognized that a jury verdict on special issues must be responsive and complete, considering the objects of the suit; that is (subject to Rule 279, Texas Rules of Civil Procedure, which is not involved here), the verdict must ascertain the facts in issue before it will authorize a trial court to dispose of the cause by final judgment. Moreover, when a verdict appears to be ambiguous this court will look to the evidence to determine whether it settled the substantive facts in dispute; and if it does not, judgment thereon will not be permitted to stand. [citations omitted] In other words, 'The validity of a verdict is determined from the pleadings and the issues on which it is based, and it follows that in order to be sufficient a verdict must respond substantially to all the material issues made up between the parties, and if it varies substantially from the issue or issues or finds only a part of that which is in issue, the verdict is bad. Not only should the jury find on all the issues essential to a proper determination of the rights of the parties, but they must pass directly on the issues and not evade them by an argumentative finding.' 53 Am.Jur., Trial, p. 717, Sec. 1037."

The judgment is reversed and is ordered remanded to the trial court with instructions to enter a judgment conforming to this opinion.