### L. J. EDWARDS V. C. L. OSMAN.

#### No. 7341.

1. **Chattel Mortgage—Certified Copy from Record.**—A chattel mortgage duly acknowledged was filed with the county clerk as the statute prescribes. An affidavit of the facts is a sufficient basis for the admission of a certified copy. Laws of 1891, p. 38.

2. **Irrelevant Testimony.**—In suit upon a note executed in pay for a stock of cattle the purchaser when sued upon the note sought to impeach the consideration by showing false and fraudulent representations by plaintiff touching the cattle. The plaintiff on this issue introduced letters to him by the defendant. Thereupon the defendant offered a letter written by himself on the same subject but to another man. *Held*, that the letter was properly excluded; a party can not make such evidence for himself.

3. **Contradictory Statements by Party When a Witness.**—The rules applicable to the introduction of statements made by a witness elsewhere contradictory to those made in court as a witness, for the purpose of impeaching him, do not apply when the witness is a party to the action, for any statement made by him having a bearing on the matter in controversy is admissible against him, and without any predicate.

4. **Increase of Mortgaged Stock Cattle.** — The court does not assent to the proposition that the mortgage would not include the natural increase of a stock of cattle between its execution and foreclosure; but a decree ordering the sale of the cattle in the brands as given in the mortgage can not be error when it does not appear that the increase had been so branded.

5. **Separate Property of Wife.**—Suit by husband on a note and mortgage payable to the wife, alleged to be the separate property of the wife. The note had been executed in the purchase of a stock of cattle purchased by plaintiff during coverture.

The plaintiff testified, that the cattle for which the note was given was his wife's separate property. *Held*, that as against the defendant this was ample to sustain the allegation that the note was her separate property.

APPEAL from Callahan. Tried below before Hon. F. H. CONNER. No statement is necessary.

*Thomas & McConnel* and *Holland & Holland*, for appellant.—1. The certified copy of the mortgage was secondary evidence; and in absence of proof of the loss or destruction of the original, secondary evidence of the contents of the original was inadmissible.

2. Where some of the letters between parties relating to a subject in dispute are admitted in evidence, then other letters relating to the same subject between them are admissible in explanation.

3. There was no competent evidence before the court of the existence or contents of the mortgage that was foreclosed by the judgment. The only evidence before the court was a certified copy of the mortgage, admitted over defendant's objections. Rev. Stats., art. 3190b; Boydston v. Morris, 71 Texas, 699.

4. When a witness testifies in regard to a conversation with another, and in response declares that if such a conversation ever occurred he does not remember it, he can not be impeached by proving by another that the conversation did occur. Johnson v. Richardson, 52 Texas, 481.

5. A lien can only be foreclosed on the property actually covered by the lien.

6. The allegata and probata must agree; and the allegation that the note sued on was the separate property of the wife is not supported by evidence that it was community property.

*F. S. Bell* and *B. R. Webb*, for appellee.—1. The certified copy of the chattel mortgage was admissible in evidence to prove the contents of the original, the execution of the original having been already proved, and its nonfiling in evidence having been properly accounted for. Grounds v. Ingram, 75 Texas, 509.

2. The note sued on and given in evidence, the execution of which was not denied by appellant, sufficiently stated and proved the mortgage. Dunman v. Coleman, 59 Texas, 199; Yeary v. Cummins, 28 Texas, 91; Loungeway v. Hale, 73 Texas, 495.

3. A letter from defendant to a third party, in no way essential to a proper understanding of other letters already in evidence, is not admissible in evidence for the defendant, and its exclusion, if error, was immaterial error in this case. Morrison v. Loftin, 44 Texas, 17; Ellicott v. Pearl, 10 Pet., 412.

4. The rule, that "when a witness testifies in regard to a conversation with another, and in response declares that if such conversation

ever occurred he does not remember it, he can not be impeached by proving by another that the conversation did occur," if still adhered to as a rule, is restricted to cases where the witness sought to be impeached testified by deposition and had no opportunity of explaining the contradiction, and should not apply where the witness is a party and whose admissions are competent against himself. Johnson v. Brown, 51 Texas, 65; Weir v. McGee, 25 Texas Sup., 20; 1 Greenl. Ev., sec. 462, p. 520.

5. A mortgage lien may be foreclosed on the property covered by and described in the mortgage; and such foreclosure is not, in any event, error as against one who does not show that he has been injured thereby. Rev. Stats., art. 1340; Johnson v. Blount, 48 Texas, 38; Beal v. Alexander, 6 Texas, 531.

6. The statement under this proposition is, of necessity, a reference to the absence from the record of evidence as to any increase after November 6, 1886. Robson v. Watts, 11 Texas, 764; Green v. Dallahan, 54 Texas, 281.

STAYTON, Chief Justice.—This action was brought by C. L. Osman on the following promissory note:

"$2000.00.                    "Baird, Texas, November 6, 1886.

"On or before October 1, A. D. 1888, for value received, I promise to pay to the order of Mrs. E. M. Osman, $2000, with interest at 10 per cent per annum from date, and 10 per cent additional if collected by law, payable at Baird, in Callahan County, Texas, and secured by mortgage of even date herewith on stocks of cattle ranched in Callahan County, branded "C L O" and "V" on left side, with various ear-marks.                    "L. J. Edwards."

He alleged, that the payee named in the note was his wife and that the note was her separate property, set up the mortgage referred to in the note, and prayed its foreclosure.

The mortgage was filed with the clerk of the County Court as chattel mortgages are by law required to be; and during the trial the clerk, who was also the clerk of the District Court, produced the mortgage in court, and its execution was proved by the defendant himself; but as the clerk was unwilling to file the original among the papers of the case, the court would not compel him to do so, and therefore a certified copy of the mortgage was offered, and this was objected to by defendant, on the ground that there was no affidavit of the loss of the original or proof of inability to procure it.

Plaintiff then made an affidavit stating the facts, and again offered the copy, which was again objected to, on the ground that the affidavit came too late, and was not sufficient to show the loss of the original or the inability of plaintiff to produce it.

This objection was overruled and the copy admitted in evidence, and this ruling is assigned as error.

There never was any reason, other than the declaration of the Legislature to that effect, why a certified copy of a chattel mortgage filed in the office of the county clerk, after being duly authenticated for record, should not be used in evidence as other certified copies, and the law has now been so changed as to make them admissible. Gen. Laws 1891, p. 38. No objection was made to the certified copy on the ground that it was not a true copy, the execution of the original was proved by the defendant as well as recited in the note sued upon, and if, under the circumstances, an affidavit was required, that made was sufficient.

Defendant pleaded, that the note sued on was given for cattle purchased from plaintiff; that the latter made false representations as to the number in the brands; and after plaintiff had offered in evidence some letters written by defendant to him bearing on that question, defendant proposed to introduce in evidence a letter written by himself to a third person, in no way connected with or necessary to the understanding of the letters then in evidence, which on objection the court excluded. In this there was no error, for a party can not thus make testimony for himself.

While appellant was on the stand as a witness he was asked if he did not make a statement, in the presence of a person named, tending to show that such representations were not made to him about the cattle when he bought as were alleged in his answer; to which he replied that he did not remember; and afterward the person named was put on the stand and permitted to state that he did make the statements that he was interrogated about. To this evidence he objected, on the ground that a sufficient predicate had not been laid for the introduction of evidence for the purpose of impeaching him, and on the further ground that the evidence was immaterial unless it was shown that the conversation related to the cattle for which the note sued on was given.

The rules applicable to the introduction of statements made by a witness elsewhere, contradictory to those made in court as a witness, for the purpose of impeaching him, have not full force when the witness is a party to the action, for any statement made by him having a bearing on the matter in controversy is admissible against him; and if the statement be such and so connected by time, place, and incident as to render it probable that it related to a matter in controversy, it may be admitted to be considered by the jury in the light of all the facts. If the conversation referred to other cattle, it would have been easy for appellant to have so stated.

The judgment foreclosed the mortgage on stocks of cattle designated by the brands given in the mortgage, and it is claimed that this was error, because the mortgage did not cover the increase of the cattle.

It is true that the mortgage did not expressly include the increase of the stocks of cattle in the brands mortgaged, but we are not prepared to assent to the proposition that this was necessary in order to extend the mortgage to the natural increase. If, however, the rule were as contended by appellant, it would not affect the result in this case, for there is no evidence that the increase of the stocks of cattle mortgaged were branded in the brands made descriptive of the stocks covered by the mortgage.

It is urged, that the evidence shows that the note sued upon is of the community estate of Osman and wife, and that for this reason the action, based on an averment that the debt secured by the note is of the separate estate of the wife, can not be maintained. The note was payable to Mrs. Osman; her husband brought an action on it, alleging that it was her separate property, and he on the stand as a witness testified, that the cattle for which the note was given belonged to his wife. As against appellant this was ample evidence to sustain the action in the right of the wife. The only fact relied upon to rebut this evidence was, that the cattle for which the note was given were acquired during the marriage of Osman and his wife, to whom the note was made payable. The presumption arising from that fact is not sufficient to overcome the direct evidence in the case.

If the controversy were between Mrs. Osman and some creditor of her husband holding claim against him antedating the note, a further development of the facts which made the note her separate property might have been called for; but as against appellant the recognition by the husband of the separate right of the wife was sufficient.

We find no error, and the judgment will be affirmed.

*Affirmed.*

Delivered May 20, 1892.