# JANUARY, 1953

TEXAS GENERAL INDEMNITY COMPANY V.
MOLINDA T. SCOTT

No. A-3522. Decided December 3, 1952.
Rehearing overruled January 14, 1953.
(253 S. W., 2d Series, 651.)

2

*Crenshaw, Dupree & Milam* and *Tom A. Milam,* all of Lubbock, for Petitioner.

The Court of Civil Appeal erred in holding that the trial court correctly excluded petitioners exhibits which were claims for compensation and notices of injury by respondent, Scott, with the Industrial Accident Board when such exhibits were clearly admissible over the objection made, as admissions of the respondent contrary to her testimony; that said court erred in holding that the trial court never saw the contents of petitioner's exhibits, because the record without dispute shows that such exhibits were presented to the court and the court ruled upon an untenable objection made thereto, and in holding that the error to the trial court in excluding said exhibits was harmless, since the evidence was of particular importance for the jury to consider in weighing respondent's testimony on the trial of the case. Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas 63, 93 S.W. 1058; Texas Emp. Ins. Ass'n. v. Thames, 236 S.W. 2d 203, writ of error refused; United Emp. Casualty Co. v. Smith, 145 S. W. 2d 249, writ of error refused.

*Scarborough, Yates, Scarborough & Black,* and *Larry Scarborough,* all of Abilene, for respondent.

In rebuttal of petitioner's contentions respondent cites Federal Underwriters Exchange v. Bobbitt, 125 S. W. 2d 1084; Panhandle & S.F. Ry. Co. v. Cowan, 243 S.W. 912; Punchard v. Masterson, 103 S. W. 826.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a workmen's compensation suit filed by Molinda T. Scott, respondent, against Texas General Indemnity Co., petitioner, as the workmen's compensation insurer of Montgomery Ward & Co., employer. Respondent claimed disability benefits under the Workmen's Compensation Act for alleged injuries sustained by her on March 10, 1950, when she fell while walking across the floor of the employer's store. The respondent recovered judgment for total and permanent disability benefits, and on appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District, the judgment of the trial court was affirmed. 246 S. W. 2d 228.

Respondent alleged that she sustained an injury to her left foot and neck, and that "by reason of the heretofore mentioned accident and resulting injuries which were sustained by her in the scope of her employment * * *, she has been rendered and is totally and permanently disabled with reference to performing labor, and that said disability was caused by reason of the said accident and resulting injuries, * * * and that such disability is total and permanent."

Respondent alleged a specific injury to her left foot, and a general injury to her neck. She did not plead and the case was not tried on the theory that the injury to the foot affected other parts of the body.

Petitioner alleged that respondent's incapacity terminated on or before June 23, 1950, and that she had been fully compensated during the period of disability caused by the injury of March 10, 1950. Petitioner further alleged in its answer that "the injury of plaintiff was confined to and limited to her left foot and that said incapacity to her left foot was temporary and partial. Further, in the alternative, defendant respectfully shows to the Court that any incapacity which plaintiff has had in the past or may have in the future has been and will be caused solely by the incapacity to her left foot." The case was submitted to a jury on special issues, and based upon the answers of the jury, the trial court entered judgment in favor of respondent by awarding her compensation for total and per-

manent incapacity for a period of four hundred and one (401) weeks from the date of injury, as provided under Vernon's Annotated Civil Statutes, Article 8306, Section 10, as amended Acts 1947, 50th Leg., Ch. 307, Sec. 1, p. 521.

Petitioner requested the submission of an issue designated "Requested Issue No. 6", as follows: "Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff, Molinda Scott, was not caused solely by the incapacity, if any, to her left foot?" The trial court refused to submit this requested issue, and the Court of Civil Appeals has held that such action was not error on the ground that there was no material difference between requested Issue No. 6 and submitted Issue No. 11. Submitted Special Issue No. 11, and the answer of the jury read as follows: "Do you find from a preponderance of the evidence that the disability, if any, of Molinda Scott, is not limited to her left leg below the knee? Answer: It is not limited to her left leg below the knee."

■ Petitioner has presented to this court, under its points Eight and Nine, the contention that the conclusion reached by the Court of Civil Appeals was erroneous for the reasons (a) that in view of the manner in which the trial court submitted the case to the jury, there was a complete failure to submit its affirmative defensive issue, to-wit, that the incapacity, if any, suffered by respondent was *caused* solely by the incapacity, if any, to her left foot, (b) that there is a distinct difference between submitted Issue No. 11, and requested Issue No. 6 in that Issue No. 11 submitted to the jury for its determination only the question of the limitation or extent of disability, while requested Special Issue No. 6 was an inquiry as to the cause of incapacity, and that had said issue been submitted and answered by the jury in the affirmative, and the jury had found that respondent's incapacity was *caused* solely by the incapacity to her left foot, she would have been limited to a recovery for a specific injury, and would not have been entitled to total and permanent benefits which were allowed by the trial court in its judgment. Points Eight and Nine are sustained. Rule 279, Texas Rules of Civil Procedure, provides in part: "When the Court submits a cause upon special issues, he shall submit the controlling issues made by the written pleadings and the evidence. * * * Where the Court has fairly submitted the controlling issues raised by such pleading and evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue * * *".

■ In a case, such as this, where the plaintiff pleads two theories of recovery it is fundamental that if the evidence introduced in the trial is sufficient on both theories, the trial court is required to submit separately the ultimate controlling issues affecting each theory to the jury and secure findings which will afford a basis for the judgment to be entered by the court. This is particularly essential in this case for the reason that under Sections 10 and 11, Article 8306, R. C. S., she might recover for a general injury, or under Section 12 of the same article she might recover for specific injury to her foot. Section 10 provides that "while the incapacity for work resulting from the injury is total," the period of compensation shall not exceed Four Hundred and One (401) weeks, and Section 11 contains the provision that in no case shall the period of compensation for total and partial incapacity exceed the number of weeks as provided in Section 10. The specific injury to the foot as plead by respondent is covered by Section 12, which provides for the payment of weekly compensation for a period of One Hundred and Twenty-five (125) weeks. Article 8306, supra, further provides that "where the employee sustains concurrent injuries resulting in concurrent incapacities, he shall receive compensation only for the injury which produces the longest period of incapacity." The employee cannot be compensated for both the specific injury and the general injury. Texas Employers' Ins. Ass'n. v. Godwin, Texas Civ. App., 194 S.W. 2d 593; Petroleum Casualty Co. v. Searle, Texas Com. App., 13 S.W. 2d 364.

The principal question to be determined is: Did the trial court fairly submit all the ultimate issues bearing on the theory of recovery for compensation for a general injury; or, in other words, did the failure of the court to submit requested Issue No. 6 enable the respondent to recover judgment for a general injury without establishing the necessary elements and issues to support the judgment rendered by the trial court in this case?

The pertinent issues submitted and the answers thereto, in addition to Special Issue No. 11, are as follows:

"Special Issue No. 1

"Did you find from a preponderance of the evidence that on or about 10 March, 1950, Molinda Scott sustained an accidental personal injury:
    (a) To her foot? Answer: Yes.
    (b) To her neck? Answer: Yes.
by falling in the Montgomery Ward store?"

"Special Issue No. 3

"Do you find from a preponderance of the evidence that the *accidental injury,* if any, of Molinda Scott on 10 March 1950 was a producing cause of the incapacity, if any, of the plaintiff?

      Answer: 'Yes' or 'No'.
      Answer: 'Yes' ". (emphasis added)

In answer to special issues 4 and 5, the jury found that the *accidental injury* inquired about in Special Issue No. 3 was total and permanent. The question naturally arises: What accidental injury? Was it the injury described in respondent's pleadings as to the injury to the foot or the injury to the neck? We cannot assume that the jury meant to say in answer to Special Issue No. 3 that the accidental injury to the neck was the producing cause of the incapacity suffered by respondent. Neither can we assume that the jury found that the accidental injury sustained to the foot was the producing cause of the incapacity. Each of the classes of injuries involved in this case are separate and distinct and are in no way related to each other.

■ It was the burden of respondent to plead, prove and secure jury findings supporting each of the theories advanced before she would be in position to choose between the two and move the court to render and enter judgment upon the findings establishing the general injury. Special Issues Nos. 1, 3 and 11 were insufficient to establish that the injury to the neck (a general injury) was a producing cause of the incapacity. It is the duty of the trial court to submit all controverted ultimate fact issues made by the pleadings and the evidence. The submission must be made in such manner as to fairly submit the issues made by both the plaintiff and defendant. Having failed to submit the issues in the manner outlined herein, the trial court should have responded to defendant's request and submitted requested Issue No. 6. Texas Employers' Ins. Ass'n. v. Godwin, supra; Wright v. Traders & General Ins. Co., Com. App., 132 Texas 172, 123 S.W. 2d 314; Fox v. Dallas Hotel Co., 111 Texas 461, 240 S.W. 517; Consolidated Underwriters v. Langley, 141 Texas 78, 170 S.W. 2d 463; Consolidated Underwriters v. Wilson, Texas Civ. App., 111 S.W. 2d 865, dismissed; Texas Employers' Ins. Ass'n. v. Stephenson, Civ. App., 178 S.W. 2d 883; Travelers Ins. Co. v. Davis, Civ. App., 191 S.W. 2d 880; Southern Underwriters v. Thomas, Civ. App., 131 S.W. 2d 409, dismissed, judgment correct; Traders & General Ins. Co., v. Carlisle, Com. App., 138 Texas 523, 161 S.W. 2d 484; Traders & General Ins. Co. v. Car-

lisle, Civ. App., 162 S.W. 2d 751; Rules 277 and 279, Texas Rules of Civil Procedure.

■ Petitioner's points One through Seven complain of the ruling of the trial court in excluding and refusing to admit in evidence certain documentary evidence. The court excluded petitioner's Exhibits 1 through 4, such exhibits being claims for compensation and notices of injury filed by respondent with the Industrial Accident Board. The accident involved in this case occurred on March 10, 1950. Each of the excluded instruments were prepared by respondent's attorney and stated the nature and extent of the injury as follows: "Permanent injury and damage to left foot and general nervous system." The excluded instruments presented to the Industrial Accident Board a claim for accidental injuries to the left foot, which was a specific injury, and to the general nervous system which was a general injury. Petitioner contends that the failure to state in the excluded instruments the fact that the general injury was an injury to the neck is equivalent to a failure to assert a fact when it would have been natural to assert it and that such failure amounts, in effect, to an assertion of the non-existence of the fact; and, therefore, the instruments were admissible as admissions of the respondent. Petitioner insists that the rule applicable to the question here involved is as stated in McCormick and Ray, Texas Law of Evidence, Section 387: "If one has remained silent, where if the situation had been as he alleges, it would have been natural and usual for him to speak, this circumstance may be proved against him as an admission."

This precise question has not heretofore been presented to this Court. Undoubtedly the general rule is that any statement, written or oral, made by a party or on his behalf, which is inconsistent with his present position, and any act or conduct of a party from which it may be inferred that the facts in issue are not as he now claims, may be introduced in evidence against him, as an admission. Texas Law of Evidence, McCormick and Ray, § 497, p. 636; § 501, p. 645. There are exceptions to the rule as in the case of statements made in connection with offers of compromise. Brannam v. Texas Employers' Ins. Ass'n., 151 Texas 210, 248 S.W. 2d 118. But no exception to the general rule has yet been created so as to make privileged the notice of injury and claim for compensation filed with the Industrial Accident Board in workmen's compensation cases. In view of the likelihood of another trial of this case we hold that statements contained in notice of injury and claim for compensation

blanks, as well as information omitted therefrom, are admissible in evidence against a claimant when they meet the requirements of the law governing admissions. Of course, like admissions received in evidence in other types of cases such statements or omissions are but evidence and as such are subject to explanation or contradiction. McCormick and Ray, Texas Law of Evidence, § 495, p. 634.

In this case the Court of Civil Appeals assigned several reasons for holding that the trial court did not err in excluding the evidence tendered, and held, in addition, that if the exclusion was error it was harmless under Rule 434, Texas Rules of Civil Procedure. Since we have reversed the judgment of the courts below on another ground we find it unnecessary to de-·cide whether the exclusion of the evidence was under all the attendant circumstances, such error as to require a reversal.

■ Point Twelve presents that the Court of Civil Appeals erred in holding that the trial court correctly excluded a doctor's report offered in evidence by the petitioner. The doctor, who examined the respondent at her instance in September, 1950, was not an attending physician. He was employed to make an examination and file a report thereof with the Industrial Accident Board. The report is in the record as a part of the Bill of Exceptions taken by petitioner to the court's ruling in excluding the statement. It shows that it is an expression of an opinion based largely on subjective findings. The record further shows that the doctor was available to testify as a witness; in fact, the court tendered the witness and the petitioner refused to accept such tender. Petitioner seeks to justify the admission of this hearsay evidence under the rule that admits declarations of agents or employees when made in the course of employment. Declarations of an agent or employee are admitted against the principal or employer as an exception to the hearsay rule provided the facts bring them clearly within the exception. Not only must the fact of agency be established before the declarations can be admitted, but it must also be established that the declaration was one of fact as distinguished from a mere expression of an opinion. Deaton & Son, Inc. v. Miller Well Servicing Co., Civ. App., 231 S.W. 2d 944; Le Sage v. Pryor, 137 Texas 455, 154 S.W. 2d 446. The facts in this case fail to establish agency. The Court of Civil Appeals correctly disposed of this point and we overrule the same without further discussion.

The judgments of the trial court and Court of Civil Appeals

are reversed and the cause is remanded to the district court for trial in accordance with this opinion.

Opinion delivered December 3, 1952.

Rehearing overruled January 14, 1953.