**J. WEINGARTEN, INC., Appellant,**

**v.**

**Joseph E. REAGAN et ux., Appellees.**

**No. 4098.**

Court of Civil Appeals of Texas.
Waco.
April 4, 1963.

Rehearing Denied April 25, 1963.

Vinson, Elkins, Weems & Searls, B. Jeff Crane, Jr., and W. H. Drushel, Jr., Houston, for appellant.

Talbert, Giessel, Cutherell & Barnett, Robert C. Barnett, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment for plaintiff in a slip and fall case. Plaintiffs instituted suit against defendant for injuries sustained by Mrs. Reagan when she slipped and fell on a "bean" lying on the floor in defendant's store. Trial was to a jury which found:

1) Plaintiff slipped and fell on a green bean in defendant's store.

2) Defendant or its employees had actual knowledge of the presence of the bean on the floor, prior to plaintiff's fall.

3) Following such actual knowledge of the presence of the bean on the floor, defendant, (or its employees) was negligent in failing to remove the bean from the floor.

4) Such negligence was a proximate cause of plaintiff's injuries.

5) Plaintiff did not fail to maintain a proper lookout for objects on the floor.

7) The occurrence was not an unavoidable accident.

8) Plaintiffs' damages are $3750.

The Trial Court rendered judgment for plaintiffs on the verdict.

Defendant appeals, contending:

1) There was no evidence that defendant or any employee of defendant had any knowledge of the presence of the bean on the floor.

2) There was no evidence that defendant or any employee of defendant other than a Mrs. Myrick, had any opportunity to remove the bean from the floor prior to the accident.

3) Plaintiff was guilty of contributory negligence, in failing to keep a proper lookout, as a matter of law, and such negligence was a proximate cause of her injuries.

We revert to Contentions 1 and 2. It is undisputed that Mrs. Reagan slipped and fell on a green bean in defendant's store. Mrs. Reagan testified that after she was picked up they found a green bean on the heel of her shoe. She then testified:

"They took me to the produce girl to call someone to help me. The produce girl said, 'I told the boy to remove those beans.'"

Counsel for defendant objected on the ground that the evidence was hearsay; such objection was overruled by the court.

Mrs. Reagan then testified:

Q. "What did she say?"

A. "She said, 'I told the boy to get those beans off the floor, but I see he didn't do it.'"

Defendant contends the foregoing was hearsay; was not res gestae; and should have been excluded.

Unless the foregoing was admissible, there is no evidence to support the jury's finding to Issue 2.

 Such testimony is admissible as an admission. Admissions are received as exceptions to the hearsay rule. Prior declarations or statements of a person are admissible against him to show he had knowledge of existing facts. 24 Tex.Jur.2d p. 227; Galveston, H. & S. A. R. Co. v. Fitzpatrick, Tex.Civ.App., Er.Ref., 91 S.W. 355. And the assertions of an agent or employee are admissible against the principal or employer as an exception to the hearsay rule, provided the declaration was one of fact as distinguished from a mere opinion. Texas Gen. Indem. v. Scott, 152 Tex. 1, 253 S.W.2d 651, 655; 2 Tex. Law Evidence, McCormick & Ray, Sec. 1164.

Mrs. Reagan testified that the produce girl (an employee of defendant) said "I told the boy to remove the beans." Such is admissible as proof that the produce girl knew the fact that the beans were on the floor. The record reflects that all defendant's employees were fully instructed to immediately pick up any produce that had fallen on the floor, as soon as they know it is there. Contentions 2 and 3 are overruled.

Contention 3 is that Mrs. Reagan was contributorily negligent as a matter of law, in failing to keep a proper lookout. The jury found that she did not fail to keep a proper lookout. Contributory negligence is a defense, the burden of proof of which is on the defendant. The record reflects that Mrs. Reagan was 64 years of age; had gone to defendant's store to buy groceries; that she secured a grocery basket and proceeded to the produce department; that she was walking across the floor when she fell on a green bean. We think the jury was justified in answering the issue as it did, and that Mrs. Reagan was not contributorily negligent as a matter of law. Contention 3 is overruled.

The judgment of the Trial Court is affirmed.