The TRAVELERS INSURANCE COMPANY, Appellant,

v.

E. G. RODRIQUEZ, as next friend for Patricio L. Luera, Appellee.

No. 4370.

Court of Civil Appeals of Texas, Eastland.

March 27, 1970.

Rehearing Denied April 24, 1970.

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Splawn, Maner & Nelson, Lubbock, for appellee.

WALTER, Justice.

Patricio L. Luera recovered a judgment for total and permanent incapacity under the Workmen's Compensation Act against The Travelers Insurance Company and the Company has appealed.

The appellee began working for the City of Lubbock in January 1968 in the Sanitation Department collecting garbage. On February 1, 1968, he picked up a coffee can and as he was in the process of throwing it into the truck the blade caught his left hand and it was cut, "Well, it was cut real bad, just hanging from the skin right here at the top." He went to the hospital and was treated by Doctor Hempstead who had to remove his hand. He stayed in the hospital about a month.

The jury found in answer to issue 1 that appellee sustained an initial accidental personal injury or injuries to his left shoulder and neck on February 1, 1968 and in answer to issue 2 that the injury to appellee's left hand on or about February 1, 1968 extended to and affected his shoulder and neck, thereby causing disability to said left shoulder and neck. Conditioned upon an affirmative answer to issue 1 or issue 2, the jury was asked in issue 3 if appellee sustained total incapacity as a result of the accidental personal injuries sustained by him on or about February 1, 1968.

Appellant contends that issue 3 is improper because it permits the jury to an-

swer: "—affirmatively based upon any injury received by plaintiff on February 1, 1968, and there is no way to determine whether the jury was purporting to find that plaintiff sustained total incapacity as a result of an alleged injury to his left shoulder and neck, or from an injury to plaintiff's left hand allegedly extending to and affecting his left shoulder and neck or only from the injury to his left hand, and such issue is thereby indefinite, ambiguous and improper." The appellee contends that the Insurance Company has enlarged its objection to the submission of issue 3. Its point is said to be germane to paragraph eight of its amended motion for a new trial which is as follows:

"The Court erred in overruling Defendant's Objections to the Court's charge, particularly No. 8, reading as follows:

'Defendant objects and excepts to Special Issue No. 3, for the reason that it is conditioned on an affirmative answer to Special Issue No. 1 or Special Issue No. 2, and if there is an affirmative answer to Special Issue No. 1, and a negative answer to Special Issue No. 2, then the Defendant will not know what injury the Jury has found that the Plaintiff sustained, and it will be an attempt to impose liability on this Defendant without a finding, or advising this Defendant what injury Plaintiff is claiming to have caused the total incapacity, if any.'" It appears there has been some enlargement. We will confine our consideration of this point to the objection actually made as it appears above.

We find no merit in appellant's objection because the issue was conditioned upon an affirmative answer to issue number 1, a general injury issue or number 2, also a general injury issue. The Company's objection was that if the jury found appellee sustained an initial injury to his shoulder and neck and did not find an extension of the hand injury to the shoulder and neck, it would not know what injury the jury had found that appellee sustained. The contingency set out in the objection

would inform the Company that appellee had sustained a general injury, namely: an initial accidental personal injury or injuries to his left shoulder and neck. However, the contingency set forth in the objection did not occur. The jury made an affirmative answer to both issues. Appellant relies on Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1953). In Scott the court asked if she sustained an accidental personal injury on March 10, 1950:

(a) to her foot, to which the jury answered, *yes*;

(b) to her neck, to which the jury answered, *yes.*

The jury was then asked if her accidental injury of March 10, 1950, was a producing cause of the incapacity, to which the jury answered, yes. The jury then found that the accidental personal injury inquired about was total and permanent. The Supreme Court then asked the question "What accidental injury?" Was it the injury to the foot or the injury to the neck. The court says: "Each of the classes of injuries involved in this case are separate and distinct and are in no way related to each other." The court in Scott also refused to submit the company's requested issue:

"Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff, Molinda Scott, was not caused solely by the incapacity, if any, to her left foot?" In the instant case the jury found that appellee's incapacity was not caused solely by the loss of his left hand. The jury also found a general injury in answering issue one and a general injury in answering issue two. The Supreme Court asked the question in Scott, what injury are we referring to, a general injury to the neck or a specific injury to the foot? We don't have that problem here. The jury couldn't answer issue three, unless they had first found a general injury. We do

not consider Scott as authority on this point because the material facts are different.

Issue 4 asks if the injury to plaintiff's left hand was a producing cause of the total incapacity sustained by him. The jury answered "Yes". The appellant contends the court erred in submitting the producing cause issue because it permits the jury to find total incapacity as a result of the injury to and the loss of the left hand without requiring the jury to find the injury to the left hand extended to and affected other portions of the body and was a producing cause of total incapacity. The appellee had the burden of pleading, proving and securing a finding that his injury was a producing cause of his disability. What injury are we talking about, the specific injury to the hand or the injury to the hand and its extension to the neck and shoulder? We are talking about the general injury as found by the jury in issue two and not the specific injury to the hand. The appellee has failed to discharge his burden of establishing that the injury to the hand, which extended to and affected his neck and shoulder, was a producing cause of total incapacity sustained by him.

"A causal connection between the accident and the disability or death must be established.

In order for the employee or beneficiary to recover, however, it is not necessary to show that the injury complained of was the proximate cause of incapacity or death in the same sense as that term is used in cases of negligence. All that need be shown is that the injury was a producing cause, that is, a cause that in a natural and continuous sequence, by itself or in connection with another cause or causes, produces death or disability, and without which death or disability would not have occurred." 62 Tex.Jur. 2d 616, § 67.

We hold the court erred in submitting the producing cause issue.

We will pass on the other points presented by the appellant so that it will not be necessary for the Supreme Court to remand the case to this court if they find that we erred in our holding on the producing cause issue.

Appellant asserts there was no evidence to support the submission of the first four issues and that the jury's findings thereto are against the preponderance of the evidence. We hold that the record contains some evidence of probative value on these matters inquired about in the first four issues. We have considered the entire record and hold that the answers to said issues are not against the preponderance of the evidence.

Issue 30 asked if the incapacity of appellee was not caused solely by the loss of his left hand and the jury answered, "It is not caused solely by." Appellant contends there is no evidence to support such answer and that the answer is contrary to the preponderance of the evidence. Issue 31 asked if such incapacity was not caused solely by the loss of use of the left arm, and the jury answered, "It is not caused solely by." Appellant contends there is no evidence to support such answer and said answer is contrary to the preponderance of the evidence. These no evidence points are overruled because we find some evidence of probative value to support such answers. We have considered the entire record and we find such answers are not against the preponderance of the evidence. We have considered all of appellant's points and all of them are overruled except point two complaining about issue four on producing cause.

The judgment is reversed and the cause is remanded.