**BIG MACK TRUCKING COMPANY, Inc.,**
Appellant,

v.

**Lucy DICKERSON, a Feme Sole, et al.,**
Appellees.

No. 15915.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 8, 1972.

Rehearing Denied June 29, 1972.

Fulbright, Crooker & Jaworski, James B. Sales, Arno W. Krebs, Jr., Houston, for appellant.

Miller, Gann & Perdue, Jim M. Perdue, Robert A. Berry, Houston, for appellee.

COLEMAN, Justice.

This is a death action in which actual and exemplary damages are sought. After a jury trial judgment in the sum of $220,000.-00 was entered for the plaintiffs. The jury found gross negligence, but awarded nothing as exemplary damages. The most interesting question involved in the case is the construction to be given Section 12g of Article 8306, Vernon's Ann.Civ.St. This section provides that where an employer seeking to comply with the Workmen's Compensation Act collects any part of the premium for the policy of compensation insurance from his employees, any employee or his legal beneficiary "shall be entitled to all the benefits of this law and in addition thereto shall have a separate right of action to recover damages against such employer without regard to the compensation paid or to be paid to such employé or beneficiary under this law . . ."

Willie Dickerson was fatally injured while in the course and scope of his employment for appellant as a truck driver. He had parked his truck and was standing behind it. A fellow employee parked another truck behind him and left it unattended. The unattended truck rolled into Dickerson and his truck. Appellees were paid Workmen's Compensation death benefits by the appellant's compensation carrier. Subsequently this suit was filed against Ormand Leday, the driver of the truck which struck Dickerson, and appellant, his employer.

In answer to the issues submitted the jury found that Leday was an employee of appellant on the occasion in question; that he knew that the brakes on his truck were defective; that he was negligent in parking his truck behind Dickerson's truck; and that such negligence was a proximate cause of the accident; that Leday failed to warn Dickerson of the defective brakes; that such failure was negligence and a proximate cause of the accident; that appellant had withheld from Dickerson's wages premiums to be paid on Workmen's Compensation insurance. Appellees dismissed their suit as to Leday and only the employer has appealed.

Appellant attacks the issues on negligence by "no evidence," "insufficient evidence," and "contrary to the great weight and preponderance of the evidence" points. The contention is that the only evidence bearing on these issues is hearsay and, therefore, incompetent either to raise the issues or to support the answers thereto.

The testimony relating to these issues was given by David Donald Stiles, Jr., appellant's vice president, and Henry Harwell, the police officer who investigated the accident. Both witnesses testified as to statements made to them by Leday after the accident.

The accident happened in Waco, Texas. Mr. Stiles testified that after Leday re-

**4**

turned to Houston he talked to him about the accident. Leday told him that he parked his truck behind Dickerson's and went off and left it; that his truck rolled forward and crushed Dickerson against the back of Dickerson's truck.

■ This testimony was admitted without objection:

"Q. . . . insofar as what he told you after the accident, he did tell you, did he not, that he had not been maintaining proper air pressure?

"A. He said he was having air pressure troubles, yes, sir.

"Q. And did you take it by what he said that he was not maintaining 120 pounds of air pressure as he needed to maintain this braking system?

"A. Well, right."

Hearsay testimony, whether objected to or not, does not constitute evidence of probative force unless it is admissible under an exception to the hearsay rule. This testimony was offered as proof of the facts stated and constitutes hearsay testimony. One of the well recognized exceptions to the hearsay rule is that admissions of a party may be received as substantive evidence. An admission is defined as a statement made by a party to an action, or by one on his behalf, which amounts to a prior acknowledgment by such party that one of the facts relevant to the issues is not as he now claims. Texas General Indemnity Co. v. Scott, 152 Tex. 1, 253 S.W.2d 651 (1953).

■ An agent's statement of fact made within the scope of his authority, express or implied, is usually received in evidence against his principal. In the instance of implied authority "the rule is usually stated thus: The declarations or statements of an agent are admissible against his principal when they accompany an authorized act or are closely enough connected with it to be considered a part of the res gestae. . .

A more accurate statement of the rule would be: The assertions of an agent are admissible against his principal when made within the scope of the agent's express or implied authority to make assertions." McCormick and Ray, Texas Law of Evidence (2d Ed.), V. 2, § 1164, pp. 56–57.

■ In his testimony Stiles reported his conversation with Leday. The facts reported would not constitute an admission by Stiles since he did not adopt the statement, but merely reported the conversation. Leday was authorized to report the facts concerning an accident in which he was involved to the vice president of the company by whom he was employed. His statement constituted an admission and was properly admitted into evidence against his principal. West Texas Produce Co. v. Wilson, 120 Tex. 35, 34 S.W.2d 827 (1931); J. Weingarten, Inc. v. Reagan, 366 S.W.2d 879 (Tex.Civ.App.—Waco 1963); Argonaut Southwest Insurance Company v. Morris, 420 S.W.2d 760 (Tex.Civ.App.—Austin 1967, writ ref., n. r. e.).

This testimony is sufficient to support the findings that Leday was negligent in parking his truck behind the one driven by Dickerson, and that such negligence was a proximate cause of the accident. It is not necessary to determine whether the statement made to Officer Harwell was also admissible as res gestae.

Appellant's First and Second Points of Error submit that the trial court erred in overruling its objection to Special Issue No. 10 and in submitting it to the jury because there was no evidence, or insufficient evidence of probative force, to establish that Workmen's Compensation premiums were withheld from the wages of Willie Lee Dickerson. These are "no evidence" points. Appellant's Third Point is that the Jury's answer to that issue is so against the great weight and preponderance of the evidence as to be manifestly unjust.

The only testimony concerning the payment of these premiums was given by Mr. Stiles. When he was called to the witness

stand he was told by counsel for appellees that he would be asked substantially the same questions as he had been asked when his deposition was taken. He was given a copy of the deposition and was told that he was free to use it to refresh his recollection.

That portion of Mr. Stiles' testimony touching on the payment of premiums for compensation insurance reads:

"Q. Now, then, insofar as his pay is concerned, he is getting $200.

When Big Mac goes to pay him, would they hold anything out of that?

"A. Yes, sir.

"Q. What would they hold out of it?

"A. Withholdings, FICA.

"Q. What else?

"A. That's about it.

"Q. They held out workmen's compensation too, didn't they?

"A. Sir?

"Q. They held out workmen's compensation premiums, too, didn't they?

"A. I can't say for sure. I don't know.

"Q. Well, look at page 7 of your deposition.

MR. WEATHERLY: They paid them. They didn't hold them out.

"A. We paid the workmen's compensation on him, yes, sir. It wasn't held out of his salary.

"Q. (By Mr. Perdue) It says here, 'Nothing other than workmen's compensation—'

'Question: Would Big Mac hold out anything from the money that was to be paid Dickerson?'

Am I correct? Did I read that correctly?

"A. What would be held from his check would be withholdings, FICA. Big Mac Trucking Company would pay the withholding tax, and so forth.

"Q. Didn't you testify here at page 7 of your deposition that the things they would hold out were withholding, social security and workmen's compensation premiums?

"A. I did not understand the 'workmen's compensation premiums.' No, sir, I did not understand it at that time.

"Q. Are you changing that testimony?

"A. I am saying that I misunderstood at the time, sir.

"Q. Then I asked, the next question: 'The only thing that you would hold out would be social security, of course, the income tax which you are required to withhold and then something in connection with some workmen's compensation premiums?' and what did you answer? At the top of page 8.

"A. 'Right.'

"Q. 'Right.' And isn't it true that later on in your deposition you testified again that you withheld workmen's compensation premiums?

We will get to that in a bit, but isn't it true you testified at another place in the deposition that you did?

"A. I don't know, sir.

"Q. Well, this deposition was taken back in December of 1968, was it not?

"A. Yes, sir.

"Q. And it was taken at a time when these facts were fresh on your mind?

"A. Yes, sir.

"Q. Is there anything that has happened since then to make you—something

unusual that has been brought to mind so that you want to change your testimony in that regard?

"A. No, sir, not at all.

"Q. Do you stand by the testimony you gave under oath to an official court reporter just as this is an official court reporter here?

"A. Yes, sir.

"Q. And that testimony is true and correct?

"A. Yes, sir."

■ Appellant contends that the deposition testimony, as an impeaching statement, is not substantive evidence and cannot raise an issue for the jury. The testimony of Mr. Stiles, an officer of the defendant corporation, must be viewed as that of a party to the action. A statement made by a party to an action amounting to a prior acknowledgment by such party that one of the facts relevant to the issues is not as he now claims is an admission. Such an admission is admissible as an exception to the hearsay rule and constitutes affirmative substantive evidence. Edwards v. Osman, 84 Tex. 656, 19 S.W. 868 (1892); In re Marsh, 344 S.W.2d 251 (Tex.Civ.App. —Amarillo 1961, writ ref'd, n. r. e.); Taylor v. Owen, 290 S.W.2d 771 (Tex.Civ.App. —San Antonio 1956, writ ref'd, n. r. e.).

■ The conflicting testimony of the witness Stiles presented a question of fact for the jury. The probative force of the statement that something was held out of Dickerson's check for workmen's compensation premiums is strengthened by the circumstance that the records and cancelled checks were in appellant's possession and were not introduced into evidence. A review of all the evidence presented for the consideration of the jury fails to convince us that the answer made by the jury is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. The evidence that part of the Workmen's Compen-

sation premium was deducted from Dickerson's check was given in a deposition prior to trial. At the trial the witness first testified that he did not know whether such a deduction was made, then after prompting by one of the lawyers in the case he said that no such deduction was made. Thereafter when confronted by the deposition testimony he said that he did not understand the question, and finally that his deposition testimony was true. In his testimony at the trial the witness was uncertain and confused. This testimony cannot be held to have destroyed the effect of his previous admission.

The provision of Section 12g, Art. 8306, V.A.C.S., with which we are concerned, provides, under circumstances here present, that the employee shall be entitled to "all the benefits of this law and in addition thereto shall have a separate right of action to recover damages against such employer without regard to the compensation paid . . . under this law . . ."

■ Appellant, noting that this is as to the employer a penal provision, would have us apply a rule of strict construction and hold that the "separate right of action to recover damages" is restricted to the damage resulting to the employee from the act of withholding the insurance premium, which, it says, would be the amount of the premium withheld. We cannot agree with this position. The obvious purpose of granting the action for damages was to discourage the employers from passing on to the employees the cost of the insurance. Section 12g, supra, makes it unlawful for an employer to collect any part of the premium for such insurance from his employees. The right to sue for the return of money unlawfully withheld from an employee would exist apart from the provision of the act under scrutiny. Were this the only penalty there would be no disadvantage to the employer. The use of the words "without regard to the compensation paid" together with the fact that the act is designed to compensate an employee for injury or death resulting from

accidental injury, leads to the conclusion that the right of action granted by this Section is the right to recover the actual damages sustained by the employee or his "legal beneficiary" as the result of an injury sustained by the employee or his death resulting therefrom. See McRae v. Lindale Ind. School Dist., 450 S.W.2d 118 (Tex.Civ.App.—Tyler 1970, writ ref'd, n. r. e.).

The "right of action to recover damages" must be held to mean the right of the employee, or his beneficiary, to resort to the courts of this state to show that he has sustained damage by reason of the fault of the employer, or of one for whose actions he is legally responsible, otherwise the act would be unconstitutional. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916).

Appellant takes the position that if appellees have a right of action to recover damages by reason of the death of the employee under the statute, the right preserved is the common law action of an employee against his employer. At common law the employer was not liable for damage to an employee caused by the negligence of a fellow employee. Middleton v. Texas Power & Light Co., supra. The verdict of the jury established that the accident resulting in the death of Dickerson was proximately caused by the negligence of Leday, a fellow employee.

Art. 8306, V.A.C.S., provides:

"Section 1. In an action to recover damages for personal injuries sustained by an employé in the course of his employment, or for death resulting from personal injury so sustained, it shall not be a defense:

" . . .

"2. That the injury was caused by the negligence of a fellow employé."

Section 3 of the Act provides that neither an employee of a subscriber nor the legal representatives of a deceased employee shall have a right of action against the employer or his agent, servant or employee for damages for personal injuries or injuries resulting in death.

Section 3a provides that an employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of employment unless he reserved such right by giving the employer a notice in writing at the time of his contract of hire of his election to do so. This section then provides: " . . . Any employé of a subscriber who has not waived his right of action at common law or under any statute to recover damages for injury sustained in the course of his employment, as above provided in this section, shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this State, which action shall be subject to all defenses under the common law and statutes of this State."

Section 4 provides that employees of non-subscribing employers "shall be entitled to bring suit and may recover judgment against such employers, or any of them, for all damages, sustained by reason of any personal injury received in the course of employment or by reason of death resulting from such injury, and the provisions of section 1 of this law shall be applied in all such actions."

The various provisions of Article 8306 must be construed in the light of the general purposes of the Act as gathered from all of its provisions. Every part of the Act shall be given effect if reasonably possible. Statutes should be given a reasonable and not a strained construction Consumers' Gas & Fuel Co. v. Erwin, 243 S.W. 500 (Tex.Civ.App.—Ft. Worth 1922, writ ref'd.); Calvert v. Phillips Chemical Co., 268 S.W.2d 478 (Tex.Civ.App.—Austin 1954, writ ref'd.); Batson-Milholme Co. v. Faulk, 209 S.W. 837 (Tex.Civ.App.—Galveston 1918, writ ref'd.).

■ Big Mack Trucking Company, Inc., was a subscriber as defined in the Act. The appellees were paid Workmen's Compensation death benefits by appellant's compensation insurance carrier. Whether or how the premiums were paid to the insurance company is immaterial in determining appellant's status as a subscriber. LeJeune v. Gulf States Utilities Company, 410 S.W. 2d 44 (Tex.Civ.App.—Beaumont 1966, err. ref., n. r. e.).

The fact of payment and acceptance of death benefits under the Act establishes the fact that Dickerson did not give notice of an election to retain his common law rights as provided in Section 3a of the Act, ibid. This is a cause of action created by Section 12g of the Act. Except for the provisions of that section the cause of action here asserted would be unavailable by reason of Section 3 of the Act. Section 3a is not applicable to this action because Dickerson was an employee of a subscribing employer, and had waived his right of action at common law. For the same reason Section 4 does not apply. It is not contended that this case falls within the exceptions found in Section 2.

■ Section 1, however, by its terms applies to all actions to recover damages for personal injuries sustained by an employee in the course of his employment, or for death resulting from personal injury so sustained. Since this is an action for death resulting from personal injury sustained by an employee in the course of his employment, it is not a defense that the injury was caused by the negligence of a fellow employee.

Appellant contends that Art. 8306, Section 12g, V.A.C.S., as applied by the trial court is unconstitutional in that it violates the Fourteenth Amendment to the Constitution of the United States.

The constitutionality of this statute was held by the Supreme Court of Texas in Middleton v. Texas Power & Light Co., supra. While Section 12g was not discussed, the court specifically dealt with Section 1, saying, ". . . But no one has a vested interest in the rules, themselves, of the common law; and it is within the power of the Legislature to change them or entirely repeal them . . ." The court also said: "A legislature may in proper instances prescribe duties and penalize their breach through an authorization for the recovery of consequent damages. But it is wholly without any power to deny the citizen the right of making any defense when sued in the courts . . ."

■ It was a purpose of the legislature in enacting Section 12g to penalize employers who pass on the cost of Workmen's Compensation insurance to their employees. They elected to do this by giving to such employees the right to secure full compensation for the injuries which they might sustain by reason of the negligence of their employer. The employer's immunity from suit, created by legislative act, is thus withdrawn by legislative act. His common law defenses are abolished. The Act applies to all employers. Appellant could not have been held liable for the compensatory damages except for its voluntary act of withholding premiums for compensation insurance in violation of a valid law, and then only after negligence on its part is established. That the amount of damages assessed will depend on the loss suffered cannot be held unjust or unreasonable. The Act as here construed does not deprive appellant of its property without due process of law, nor deny to it the equal protection of the law. The Act is not capricious or arbitrary, nor does it unreasonably discriminate against a class of which appellant is a member. Allied Stores of Ohio v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480 (1959); Bjorgo v. Bjorgo, 402 S.W.2d 143 (Tex.1966).

Other points of error have been presented and fully considered by the court. They are overruled for reasons implicit in the preceding discussion of the specific points mentioned.

The judgment is affirmed.