**ASSOCIATED INDEMNITY CORP., Appellant,**

v.

**Mark Leslie. DIXON, Appellee.**

**No. 21018.**

Court of Appeals of Texas, Dallas.

April 7, 1982.

Rehearing Denied May 13, 1982.

Frank Betancourt, Dallas, for appellant.

John B. Wilson, Wilson & Williams, Dallas, for appellee.

Before AKIN, STEPHENS and VANCE, JJ.

AKIN, Justice.

Associated Indemnity Corporation, a worker's compensation carrier, appeals from a judgment based upon a jury finding Mark Dixon totally and permanently incapacitated as a result of an occupational disease incurred while a meat unitizer for Kroger supermarkets. We reverse and remand on the ground that two prejudicial and inadmissible letters from Dixon's attorney were admitted into evidence.

Associated contends that the trial judge erred in admitting into evidence the medical files of two doctors, Dr. Jewel Daughety and Dr. Bruce Faust. Associated specifically complains of a copy of a letter in each file from Dixon's attorney to Dr. Faust requesting Dr. Faust's answers to certain questions concerning Dixon's injury. The letter in Dr. Daughety's file, after establishing certain guidelines and providing definitions for "injury," "injury in the course of employment," "producing cause," "sole cause" and "total incapacity" as used in the Texas Workers' Compensation Act, contained the following questions and purported answers and initials of Dr. Faust:

1. In your professional opinion, and following the definition of "TOTAL INCAPACITY" given above, is Mark Leslie Dixon totally incapacited?
Please answer "yes" or "no".
Answer: /s/ Probably    yes   Initials: /s/ BF

2. In your professional opinion, and following the definition of "Total Incapacity," is such "TOTAL INCAPACITY," if any, permanent; or was it or will it be only temporary?
Please answer "permanent" or "temporary".
Answer: /s/ Probably permanent
Initials: /s/ BF

3. In your professional opinion, did Mark Leslie Dixon sustain an injury (as defined above) on or about January 3, 1980?
Please answer "yes" or "no".
Answer: /s/ yes  Initials: /s/ BF

4. In your professional opinion, was the "INJURY", on or about January 3, 1980, if any, a "PRODUCING CAUSE" of any "TOTAL INCAPACITY"?
Please answer "yes" or "no".
Answer: /s/ yes  Initials: /s/ BF

5. Was the incident of June, 1980 (when Mark Dixon reported increased problems over the weekend due to mowing his yard) the sole and only cause of his incapacity after that time?
Please answer "yes" or "no".
Answer: /s/ No  Initials: /s/ BF

The letter in Dr. Faust's file was identical except that the answers were not initialed by Dr. Faust. Associated specifically objected to the admission of the letters on the grounds that the medical files were not business records and that the letters were hearsay. The trial judge sustained these

objections, but admitted the files and letters for the limited purpose of showing what reports and opinions of other doctors that Dr. Daughety had before him as a basis for his opinion concerning Dixon's injury.

Associated argues that these letters are prejudicial because they contain legal definitions, hearsay and opinion, and that Associated was denied the opportunity to cross-examine Dr. Faust concerning his answers. We agree and hold that these letters were neither medical records nor business records, but instead inadmissible hearsay. Thus, Associated was precluded from an opportunity to cross-examine Dr. Faust concerning his purported answer. We further hold that the letter in Dr. Daughety's file was not information upon which Dr. Daughety could rely in arriving at his opinion because it was a hearsay conclusion rather than a medical diagnosis of another physician. Consequently, we reverse and remand.

■ Under the Business Records as Evidence Act, Tex.Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp.1982), a file of correspondence and other papers concerning a particular matter is not admissible merely because someone familiar with the file testifies that it was the regular course of business to accumulate such a file. The statute is limited to memoranda and records made by employees of the business in the regular course of that business, and proof must be made that the employee who made the record, or transmitted the information to another employee to record, had personal knowledge of the facts recorded. *Southwest Industries Investment Co. v. Scalf*, 604 S.W.2d 233, 236 (Tex.Civ.App.—Dallas 1980, no writ). *See Cooper Petroleum Co. v. La-Gloria Oil & Gas Co.*, 436 S.W.2d 889 (Tex. 1969); *Hanson Southwest Corp. v. Dal-Mac Construction Co.*, 554 S.W.2d 712 (Tex.Civ. App.—Dallas 1977, writ ref'd n. r. e.). Because the medical files contained reports and documents not generated by the doctors or their employees but were produced from outside sources, the trial judge properly refused to admit the files as business records, but admitted them for the limited purpose of showing a basis for the diagnosis of Dr. Daughety.

■ In this respect, Dixon argues, however, that the letters were admissible to show Dr. Daughety's basis for his medical opinion. We do not agree that the letter was admissible or that it could be used as a basis for his opinion. In *Slaughter v. Abilene State School*, 561 S.W.2d 789 (Tex. 1977), the Texas Supreme Court overturned the old rule that a doctor, who examines a patient only for the purpose of making a report and testifying, cannot base his opinion as to the condition of the patient in part on the history of the case as related by the patient, but must base it solely upon an examination and objective symptoms. That court held that this rule placed an unfair limitation upon a party's preparation for trial and the better reasoned rule was to admit testimony based, in part, upon reports of others which the expert customarily relies upon in the practice of his profession. 561 S.W.2d at 791. Medical experts generally may rely on reports from the patient, *see Travelers Insurance Co. v. Smith*, 448 S.W.2d 541, 543 (Tex.Civ.App.— El Paso 1969, writ ref'd n. r. e.); on professional reports, treatises, and textbooks, *see Moore v. Grantham*, 580 S.W.2d 142, 148 (Tex.Civ.App.—Tyler 1979) *rev'd*, 599 S.W.2d 287 (Tex.1980); and on examinations, tests and diagnoses by other doctors, *see Roth v. Law*, 579 S.W.2d 949, 953 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n. r. e.). *See generally,* McCormick & Ray, Texas Law of Evidence § 1404 (3d ed. 1980). The reports upon which the expert relies, however, must be those which are customarily relied upon in the expert's profession before they are admissible to show the basis of the expert's opinion.

■ Although Dr. Daughety testified that he customarily relied upon the reports in his medical file, these letters were not a diagnosis of another physician upon which Dr. Daughety could base his medical opinion. They tendered no medical findings by Dr. Faust to better enable Dr. Daughety to diagnose Dixon's injury, but offered only Dr. Faust's ultimate conclusion that, within

the meaning of the Texas Workers' Compensation Act, Dixon was probably totally incapacitated. We hold, therefore, that the information in this letter was not information upon which a physician can rely in reaching a medical opinion. Thus, it was inadmissible for any purpose, as well as the same letter in Dr. Faust's file.

The admission of these letters cannot be considered harmless. The letter in Dr. Daughety's file purports to give Dr. Faust's medical opinion on the ultimate issue in the case, while Dr. Faust testified to the contrary upon his deposition, parts of which were read into evidence. Thus Associated had no opportunity to cross-examine him concerning the conclusion set forth in the letter. The jury was thus presented with additional apparent medical information supporting Dixon's claim which was not Dr. Faust's diagnosis, as shown by his deposition testimony. Because Dr. Faust was Dixon's personal treating physician, the admission of this letter was devastatingly harmful with respect to whether Dixon was totally and permanently disabled. Because this case must be remanded, we need address other grounds of error likely to arise upon retrial.

Associated also contends that the trial judge erred in admitting into evidence the testimony of a claims adjuster for Associated because no predicate was laid qualifying the witness to testify as to her opinion of Dixon's total incapacity. To show a prior inconsistent position of Associated with Associated's present position, Dixon elicited (over Associated's objection), testimony from the claims adjuster that she was trained in the area of Texas Workers' Compensation Law and that as the claims adjuster in charge of Dixon's claim, she considered that in her opinion Dixon was totally incapacited. We agree that this testimony was inadmissible.

Assertions of an agent or employee are admissible against the principal or employer as an exception to the hearsay rule only if the declaration is one of fact as distinguished from mere opinion. *Texas General Indemnity Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651, 655 (1952); *J. Weingarten,*

*Inc. v. Reagan*, 366 S.W.2d 879, 881 (Tex. Civ.App.—Waco 1963, no writ). Since the claims adjuster for Associated testified solely as to her prior *opinions* concerning Dixon's injury, her testimony was hearsay and inadmissible against Associated.